# AHMAD KESHAVARZ

*Attorney at Law*

---

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

PHONE: (718) 522-7900
FAX:  (877) 496-7809

February 20, 2012

Judge Dora L. Irizarry
225 Cadman Plaza East
Brooklyn, New York 11201

    *Via ECF and postal mail*

    Re:  *Reason for contravention of individual practice "bundle rule" by filing motion for class certification and request for stay of further briefing pending discovery as to class issues.*

          Case No. 1:12-cv-00587-DLI-VVP, Mayorga v. First Resolution Investment Corporation *et al*, Eastern District of New York.

Dear Judge Irizarry:

    Co-counsels and I represent Plaintiff Caroline Mayorga ("Plaintiff") and the proposed class in the above-entitled Fair Debt Collection Practices Act action. Although Plaintiff only recently filed the Complaint on February 7, 2012. Plaintiff files the attached motion for class certification and request for a stay on further briefing until at least preliminary discovery has been completed as to class certification issues. I am writing to explain to the Court why Plaintiff felt that it had no alternative to file this motion today in contravention of Your Honor's "bundle rule" prohibiting the filing of motion papers until the motion has been fully brief by all sides. In short, Plaintiff did so to preserve its rights and the rights of the proposed classes.

    As noted above, Plaintiff only recently filed this action and no discovery has taken place.  In addition, none of the Defendants have yet to be served with the Complaint.  Nevertheless, Plaintiff is making a class certification motion at this time out of an abundance of caution.  While four federal Courts of Appeals have ruled that even after a defendant offers complete relief to a class plaintiff in a purported class action, the case will not be considered moot and the class plaintiff may still move for class certification, as long as the class plaintiff does so without undue delay, *see Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-1092 (9th Cir. 2011); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239. 1249-1350 (10th Cir. 2011); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920-921 (5th Cir. 2008);

*Weiss v. Regal Collections*, 385 F.3d 337, 348 (3rd Cir. 2004), the Second Circuit has never ruled on this issue. Moreover, the Seventh Circuit has recently ruled the opposite. *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 894-897 (7th Cir. 2011).

But the Seventh Circuit has also ruled that if a plaintiff files a motion for class certification before a defendant makes an offer of complete relief, the case is not moot. *Id.* at 896-897. The Seventh Circuit went on to hold that "[i]f the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id. See Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc.,* 586 F.2d 962, 966 (2nd Cir. 1978). That is exactly what Plaintiff has done here.

Plaintiff has filed this motion at this time, without having even served Defendants and without complying the bundles rule, because Plaintiff is concerned that once notified of Plaintiff's mootness concern, Defendants, before Plaintiff were to have an opportunity to file this motion, would attempt to offer Plaintiff complete relief and argue under *Damasco* that this case was moot. Plaintiff wishes to assure the Court that Plaintiff takes the Court's individual practices *extremely seriously* and only filed this motion at this time because Plaintiff felt that it had no other alternative to protect itself and the proposed classes.

Sincerely,
/s/
Ahmad Keshavarz

Enclosure: Motion for Class Certification, and supporting documents filed on ECF today

## CERTIFICATE OF SERVICE

I hereby certify that on this day I attached this document to the Original Complaint to be served on all parties.

Dated:  Brooklyn, NY
<u>February 20, 2012</u>
 /s/
Ahmad Keshavarz
Attorney for Plaintiff