UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

Caroline Mayorga, on behalf of herself
and all others similarly situated

                Plaintiff,

                Case No. 1:12-cv-00587(DLI)(VVP)

v.

                ANSWER

First Resolution Investment Corporation,
et al.

                Defendants.

_____

Defendants Sharinn & Lipshie, P.C., Christopher Volpe, and Harvey Sharinn (hereinafter referred to as

"Defendants") hereby answers Plaintiff's Complaint as follows:

1.   In response to the allegations contained in paragraph 1 of the Plaintiff's Complaint, admit that

the Plaintiff purports to bring this action under the Fair Debt Collections Practices Act ("FDCPA") as

alleged, but denies that the Plaintiff has any such claim against the Defendants, or has stated one

within the complaint.  Defendants do not deny subject matter jurisdiction at this time, but Plaintiff's

claim may be barred by the *Rooker – Feldman* doctrine.  Additionally, Plaintiff's claim is moot.

2.   In response to the allegations contained in paragraph 2 of Plaintiff's Complaint,

said allegations constitute legal conclusions of the pleader to which no response is necessary, but to the

extent response is required, Defendant admits  venue of this Court and otherwise deny the remaining

allegations.

3.   Admits paragraph 3 of the Complaint.

4.   Denies  knowledge or information sufficient to form a belief as to the truth or accuracy of the

allegations contained in paragraph 4 of the Complaint.

5.  Admits paragraph 5 of the Complaint.

6.  Admits paragraph 6 of the Complaint.

7.  Admits paragraph 7 of the Complaint.

8.  Denies paragraph 8 of the Complaint.

9.  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the statements contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the statements contained in paragraph 9 of the Complaint.

11. Admits in part to the allegations contained in paragraph 10 of the Complaint but denies the term "thousands" is accurate without referencing a time period.

12. Admits paragraph 12 of the Complaint.

13. Admits paragraph 13 of the Complaint.

14. Admits paragraph 14 of the Complaint.

15. Denies paragraph 15 of the Complaint.

16. Denies paragraph 16 of the Complaint.

17. Admits that Christopher Volpe signed the motion and denies the remaining allegations contained in paragraph 17 of the Complaint.

18. Admits paragraph 18 of the Complaint.

19. Admits paragraph 19 of the Complaint but in regard to footnote 2, Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the statements contained therein.

20. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the statements contained in paragraph 20 of the Complaint.

21. Admits paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Admits that Ms. Mayorga's attorney sent a letter to S&L but denies the remaining allegations

contained in paragraph 23 of the Complaint.

24. Admits paragraph 24 of the Complaint but asserts the circumstances and allegations  in

*Rathburn v. Sharinn & Lipshie, P.C. et al*. were different than the allegations alleged herein.

25. Denies paragraph 25 of the Complaint.

26. Denies a class exists and any wrongdoing by Defendants.

27. Denies paragraph 27 of the Complaint.

28. Paragraph 28 states a legal conclusion as to which no answer is required.

29. Denies paragraph 29 of the Complaint.

30. Denies paragraph 30 of the Complaint.

31. Denies paragraph 31 of the Complaint.

32. Denies paragraph 32 of the Complaint.

33. Denies paragraph 33 of the Complaint.

34. In response to the allegations contained in paragraph 34 of the Complaint, Defendants repeat

and reallege their admissions, denials and other responses to all prior or incorporated allegations.

35. Admits paragraph 35 of the Complaint.

36. Admits paragraph 36 of the Complaint.

37. Admits paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the

statements contained in paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the

statements contained in paragraph 39 of the Complaint.

40. Denies the term "tens of thousands" without referencing an appropriate time period.

41. Denies paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the statements contained in paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the statements contained in paragraph 43 of the Complaint.

44. Denies paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the statements contained in paragraph 45 of the Complaint.

46. Denies paragraph 46 of the Complaint.

47. Denies paragraph 47 of the Complaint.

48. Denies paragraph 48 of the Complaint.

49. In response to the allegations contained in paragraph 49 of the Complaint, Defendants repeat and reallege their admissions, denials and other responses to all prior or incorporated allegations.

50. Defendants deny any and all violations of the New York General Business Law.

51. Defendants deny any and all violations of the New York General Business Law.

52. Defendants deny any and all violations of the New York General Business Law.

53. Denies paragraph 53 of the Complaint.

54. Denies paragraph 54 of the Complaint.

55. Denies paragraph 55 of the Complaint.

56. Denies paragraph 56 of the Complaint.

57. No response required.

58. Denies that Plaintiff is entitled to any of the relief requested in the prayer of the Complaint.

## AFFFIRMATIVE DEFENSES

59. Defendants deny that Plaintiff is an adequate class representative.

60. Defendants deny that Plaintiff can adequately satisfy the requirements set forth for class certification in the Federal Rules of Civil Procedure Section 23.

61. Plaintiff fails to state a cause of action for which relief may be granted, and any claim is mitigated and avoided.

62. Plaintiff has failed to state a claim for actual damages in accordance with 15 U.S.C. Section 1692k.

63. Plaintiff failed to mitigate damages, if any.

64. If there are FDCPA violations as alleged by the Plaintiff, Defendants actions were non-intentional and a bona fide error, inter alia, for purposes of 15 U.S.C. Section 1692k(b)(c).

65. Defendants acted reasonably and in good faith with respect to Plaintiff at all material times based upon all relevant facts and circumstances known by Defendants at the times it acted.

66. The herein action was brought in bad faith and for the purposes of harassment.

67. Defendants  reserves the right to assert any other additional defenses which may become known or available to it during the pendency of this action.

68. Defendants contend that Plaintiff's claim is barred by the statute of limitations.

69. Defendants plead the defense of latches.

70. Defendants plead the defense of estoppels.

71. Defendants denies that equitable or declaratory relief is available to private litigants under the FDCPA.

**WHEREFORE**, Defendants pray that this Court dismisses the Plaintiff's Complaint in its entirety as Plaintiff's action was brought in bad faith, with the intention to harass Defendants.  As such, Defendants respectfully requests that the Court award Defendants costs and attorney fees as applicable by law.


Dated:   April 12, 2012
            Uniondale, New York




                                                            /s/: Amanda J. Moreno
                                                            Amanda J. Moreno, Esq.
                                                            Sharinn & Lipshie, P.C.
                                                            Attorney for the Defendants
                                                            333 Earle Ovington Blvd.
                                                            Suite 302
                                                            Uniondale, New York 11553
                                                            516-873-6600