# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., 26TH FLOOR  
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

PHONE: (718) 522-7900  
FAX:  (877) 496-7809

August 14, 2012

Magistrate Judge Viktor V. Pohorelsky  
225 Cadman Plaza East  
Brooklyn, New York 11201

<u>*Via ECF*</u>

Re: *Letter motion to compel Sharinn & Lipshie Defendants*

*Case No. 1:12-cv-00587-DLI-VVP, Caroline Mayorga v. First Resolution Investment Corporation, Sharinn & Lipshie, P.C., Christopher Volpe, Ronald Lipshie, Harvey Sharinn, Angel Page, and John Does # 1 – 10, Eastern District of New York.*

Dear Judge Pohorelsky:

The undersigned, with co-counsel, represents Plaintiff in this Fair Debt Collection Practices Act class action. The class action alleges that a debt buyer debt collector, First Resolution Investment Corporation ("FRIC"), filed and prosecuted thousands of time barred debt collection lawsuits. The class action is also against the law firm and the individual attorneys that FRIC used to collect these time barred debts, Sharinn & Lipshie, P.C., Christopher Volpe, Ronald Lipshie, and Harvey Sharinn, (collectively "S&L").

This letter seeks to compel regarding two discovery disputes with S&L that have not been resolved despite repeated conferences with opposing counsel. The attempts to confer are described in the certificate of conference section below.

1. <u>Misrepresentations to the Court</u>.  On May 22, 2012 the parties had an initial conference with Your Honor. The S&L Defendants, through its counsel Amanda Moreno, represented to the Court and to all counsel that, within 2 weeks, S&L would 1) produce its insurance policies and declaration sheets, and 2) would amend their initial disclosures to identify the specific individuals at S&L that have knowledge of relevant facts. A particular concern was identifying each debt collector and each debt collection attorney (particularly in management) involved the collection of these time-barred debts as they would be potential defendants currently identified as "John Does." A copy of the Rule 26 Initial Disclosures are attached as *Exhibit A*. S&L has not complied with its explicit representation to the Court after more than two months and after repeated requests to do so. Plaintiff also sought through motion practice (DE 15, July 15, 2012 and DE 17, August 6, 2012), and yet still S&L has not provided the information. Plaintiff seeks an order compelling S&L to do what it represented to the Court it would. At the prior conference

counsel for S&L

2.   <u>Enforcing court's order and compelling past due discovery, objections to which have been waived by operation of law</u>.  Plaintiff served S&L interrogatories, requests for production, and requests for admission on May 31, 2012. Answers were due to be served no later than July 2, 2012. For a number of weeks, no discovery responses were served despite repeated correspondence to opposing counsel, and repeated telephone conversations with counsel for S&L where she indicated she would be answering on dates certain, but then failed to do so on any of the dates promised. (See certificate of conference).

3.   On July 30, 2012 S&L served responses to the requests for admission, but do to its untimeliness, the admissions are deemed admitted by operation of law. Requests for admission are deemed by operation of law unless answered by operation of law, FRCP 36(a)(3), so no court action is required by plaintiff.

4.   Plaintiff sought to compel discovery answers through motion practice (DE 15, July 15, 2012 and DE 17, August 6, 2012), and yet still S&L has did provide answers (or even objections).

5.   At the August 9, 2012 conference, Ms. Moreno represented to the court that she would serve answers to interrogatories and requests for production that evening.

6.   On August 9, 2012 the Court issued an Order [DE 20] that "defendant Sharinn & Lipshie will respond in writing to the plaintiff's interrogatories and document requests by August 10, 2012."  The order also allowed Plaintiff to file a letter motion to compel if S&L's discovery answers were still deficient.

7.   ***Despite a direct order from the court, S&L has still not responded in writing to Plaintiff's document production requests***.

8.   On August 11, 2012, S&L served unverified "answers" to interrogatories that consisted of the same boilerplate objection to each request. *See* Exhibit B.  ***S&L provide no substantive answers to any of the interrogatory requests that the court ordered S&L to answer.*** S&L has provided no privilege log.

9.   Interrogatories and requests for production must be answered within 30 days or objections are waived. FRCP 34(b)(2)(A) ("The party to whom the request [to produce] is directed *must* respond in writing within 30 days after being served") (emphasis added); FRCP 33(b)(2) & (4) (interrogatories must be "within 30 days after being served… Any ground [for objection] not stated in a *timely* objection is waived unless the court, for good cause, excuses the failure."(emphasis added)

10.   The caselaw as to waiver of objections not timely made is clear. As summarized recently in a SD NY decision, Cohalan v. Genie Indus., Inc., 276 F.R.D. 161, 166 (S.D.N.Y.2011):

> "A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available." <u>UBS International Inc. v. Itete Brasil Instalacoes Telefonicas Ltd., No.</u> 09 Civ. 4286, 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010) (citing <u>Smith v. Conway Organization, Inc</u>., 154 F.R.D. 73, 76 (S.D.N.Y.1994)); see also <u>Labarbera v. Absolute Trucking, Inc.</u>, No. 08 CV 4581, 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection

which may have been available."); Eldaghar v. City of New York Department of Citywide Administrative Services, No. 02 Civ. 9151, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests."). " 'Any other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.' " Eldaghar, 2003 WL 22455224, at *1 (alteration in original) (quoting Slauenwhite v. Bekum Maschinenfabriken, G.m.b.H., 35 Fed.R.Serv.2d (Callaghan) 975, 975 (D.Mass.1983)).

Cohalan v. Genie Indus., Inc., 276 F.R.D. 161, 166 (S.D.N.Y.2011).


11.  Requests for admission are deemed by operation of law unless answered by operation of law, FRCP 36(a)(3), so no court action is required by plaintiff.

12.  Plaintiff prays for the Court to rule the S&L has waived all objections to interrogatories and to requests for production, to order verified interrogatory answers to be served within 7 days, and to order S&L to fully produce documents demanded at its own cost within 7 days. Plaintiff opposes any attempt by S&L to "undeem" its admissions.

Respectfully,

/s/
Ahmad Keshavarz

**CERTIFICATE OF CONFERENCE**

As to the issues through August 9, 2012, I certify that I attempted to resolve the matters raised by way of this letter without the necessity of court involvement, but those attempts failed. Specifically, I spoke with Amanda Moreno on July 5, 2012, July 6, 2012, and July 11, 2012. She indicated she would be providing the information she represented to the court she would provide within 2 weeks of the hearing (the insurance information and the amended initial disclosure information listing the persons at S&L involved in the collection of the time barred debts, including the former managing attorney), and at least partial interrogatory answers and document production answers. I also corresponded with Mr. Moreno on May 31, June 21, June 27, July 3, 2012 seeking to obtain the information she indicated to the court she would provide within two week, and on July 5, & 10 regarding the same and regarding the past due discovery answers. I also left some half dozen messages phone messages for Ms. Moreno.

As to the issues after August 9, 2012 regarding the late served interrogatory answers and the still unserved responses to document production demands, Ms. Moreno indicated in open court she would be on vacation all this week, so the undersigned cannot speak with her by telephone regarding these matters. Upon receiving Ms. Moreno's email of the interrogatory answers, however, I replied to her email and asked where the document production answers were, but she never responded to that email.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Defendants First Resolution Investment Corporation and Angel Page
> By and through their attorneys of record
> Kevin Evont Bowens
> Barron & Newburger, P.C.
> The Northgate
> 105 Garth Road 6G
> Scarsdale, New York 10583
> Tel. 866-476-9103 ext. 235
> Fax: (512) 476-9253
> Email: kbowens@bn-lawyers.com
>
> Defendants Sharinn & Lipshie, P.C., Christopher Volpe, Ronald Lipshie and Harvey Sharinn
> By and through their attorneys of record
> Amanda J. Moreno, Esq.
> Sharinn & Lipshie, P.C.
> 333 Earle Ovington Blvd, Suite 302
> Uniondale, NY 11556
> Phone : (516) 408-5000 ext. 180
> Fax : (516) 512-5450
> Email amoreno@collectthedebt.com

Dated: Brooklyn, NY
<u>August 14, 2012</u>
/s/
Ahmad Keshavarz
Attorney for Plaintiff