**BARRON & NEWBURGER, PC**

**Manuel H. Newburger**

Board Certified in Consumer and Commercial
Law by the Texas Board of Legal Specialization
Licensed in Texas and Colorado

Tel. 512-476-9103  Ext. 216  |  E-Mail: mnewburger@bn-lawyers.com

March 13, 2013

Hon. Viktor V. Pohorelsky                                                  **Via ECF**
Magistrate Judge. EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Caroline Mayorga, on behalf of herself and all others similarly situated v. First Resolution Investment Corporation., et al.*; Case No. 1:12-cv-00587-DLI-VVP in the United States District Court for the Eastern District of New York

Dear Judge Pohorelsky:

I write in response to the "Request for Leave to File Motion for Contempt against the S&L Defendants" set forth in Docket Entry 66.  As one of the attorneys for Defendant First Resolution Investment Corporation there are many issues of fact and law on which I disagree with Plaintiff's attorneys.  However, in connection with this request I must acknowledge the justness of their positions, if nothing else then with regard to the S&L Defendants' insurance information.

I have grave concerns about the privacy rights of persons whose private information is going to be revealed to lawyers who have not been appointed as their counsel, in a case in which subject matter jurisdiction is still at issue.  I also have grave concerns that Plaintiff's attorneys (who are already attempting to add additional plaintiffs) will use that information to solicit individuals either as additional class representatives or as individual, non-class plaintiffs.  Although I consider Mr. Bromberg to be a highly ethical adversary of the first caliber I have prior experience with Mr. Keshavarz in consumer litigation which would not lead me to the same conclusion, and I believe that the Court should consider these concerns in giving him access to the aforementioned information.

Finally, I am concerned about the possibility that privileged attorney-client communication will be produced.  In a prior case the S&L firm produced to Mr. Bromberg, without the consent of my client, privileged attorney-client

Case 1:12-cv-00587-DLI-VVP   Document 67   Filed 03/13/13   Page 2 of 3 PageID #: 1706



Hon. Viktor V. Pohorelsky
March 13, 2013
Page 2

_____

communications. Mr. Bromberg was not to blame in that incident, but I fear that history will repeat itself.

Notwithstanding the above-stated concerns I must point out that his case has been pending for over a year and the S&L Defendants still have not produced their insurance information as ordered (and as required by Rule 26(a)). On July 11, 2012, I received an email from the S&L Defendants' attorney, Amanda Moreno, which stated in part: "As far as Mr. Keshavarz, I have spoken to him and he knows I have reported the claim to Sharinn & Lipshie P.C.'s insurance carrier. All reporting was completed via email and I will be assigned an adjuster by Friday." On July 25, 2012, I sent Ms. Moreno an email that stated, in pertinent part: "As of today I still have not heard from your adjuster. Please provide that contact information." As of this date I still have no heard from her carrier or its adjuster, and she has not provided the contact information requested. I have confirmed with Kevin Bowens that he also has not heard from the carrier or its adjuster.

Given the fact that it was the actions of the S&L Defendants that gave rise to this suit against their own client First Resolution Investment Corporation also has a strong interest in the production of the insurance information. That information should not have been unavailable or restricted as a result of S&L's server crash, and I can see nothing other than outright contempt that would explain the failure to produce it. Therefore, as to the failure to produce the ordered insurance information First Resolution Investment Corporation joins in Plaintiff's request.

In addition, I must disclose to the Court that while my client has undertaken extensive efforts to identify potential class members, we have been stymied by the inability to get critical information from two firms. One is Eric Berman's old firm. Mr. Berman, who was a long-time personal friend of mine, is deceased, and I do not believe that we will be able address the Berman accounts that might potentially fall within the class; however, the number of Berman accounts that appear to have the potential to fall within the FDCPA class total 11.

The other firm is Defendant S&L. Although my client believes that this case should be ordered to arbitration or dismissed, the fact remains that the Court has not yet ruled on that issue, and identification of potential class members cannot be achieved without information that S&L should have produced. This, too, indicates that contempt is appropriate. Respectfully, I do not know what it will take to get that defendant's attention other than contempt sanctions.



Hon. Viktor V. Pohorelsky
March 13, 2013
Page 3
_____

Thank you for your consideration of this matter.

                                        Yours truly,

                                        BARRON & NEWBURGER, P.C.

                                        /s/ Manuel H. Newburger

                                        Manuel H. Newburger

MHN/n

cc:    Ahmad Keshavarz
        Mr. Brian Bromberg
        Nasoan Sheftel-Gomes
        Amanda Moreno
        Jonathan Greystone