**BARRON & NEWBURGER, PC**

**Manuel H. Newburger**

Board Certified in Consumer and Commercial
Law by the Texas Board of Legal Specialization
Licensed in Texas and Colorado

Tel. 512-476-9103  Ext. 216  |  E-Mail: mnewburger@bn-lawyers.com

March 25, 2013

Hon. Viktor V. Pohorelsky                                                      **Via ECF**
Magistrate Judge. EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Caroline Mayorga, on behalf of herself and all others similarly situated v. First Resolution Investment Corporation, et al.*; Case No. 1:12-cv-00587-DLI-VVP in the United States District Court for the Eastern District of New York

Dear Judge Pohorelsky:

Pursuant to your instructions at the last hearing I write in address whether the Court should either: (1) allow redaction of putative class members' addresses from documents provided to Plaintiff's counsel; or (b) prohibit Plaintiff's counsel from using those documents to contact the putative class members.  Ms. Moreno has asked me to inform the Court that the S&L Defendants join in this letter brief so as to save the Court time on these issues.

Before addressing the substance of these two issues it may make sense to disclose the actual numbers relating to the letters.  FRIC does not send collection letters.  FRMC, its affiliate collection agency does.  FRMC has five form letters that reference the possibility of suit.  For the one year prior to the filing of this suit FRMC states that 52 such letters were sent to New York residents.  Going back three years to February 7, 2009 adds an additional 1,255, bringing the total of such letters for the three-year period to 1,257.[1] *However, Ms. Mayorga was not one of those persons.* Her letter was sent on January 28, 2009.[2]  Thus, she is not a member of a letter-related class under either federal or state law, and she would not be typical of the persons to whom such letters were sent during the alleged class period.

---

[1] This number is slightly inflated. FRMC's records indicate that some of the letters were returned as undeliverable.

[2] Kareem Green's letter was sent on April 16, 2010.  Oleg Tyulenev's letter was sent on August 21, 2009.  Marvin Weinberg's letter was sent on April 21, 2010.  Thus, none of the proposed additional plaintiffs will add anything to the proposed FDCPA class as their letters all predated February 7, 2011.


Given that fact alone I would respectfully suggest that Plaintiff has no right at all to the letters. Her claim is based on an allegedly false affidavit, and (should her claim survive both the mootness and arbitration defenses) her case will involve legal fights over issues such as witness immunity and privilege that simply are not issues for those who merely received letters. Ms. Mayorga's letter was outside either of the class periods, and her attorneys could not establish typicality or commonality by contacting letter recipients as she does not, herself, fall within a letter class that would not be time-barred.

I recognize that denying Plaintiff access to the letters may result in another barrage of discovery motions from Mr. Keshavarz, even though he has no need for or right to those letters at this stage of the litigation. Furthermore, even if you reconsider as to the letters Defendants also have concerns about the producing in unredacted form the screen shots that the S&L Defendants have been ordered to produce as those, too, will contain identifying and personal information of persons who are not members of a certified class and are therefore neither before the Court nor represented by Plaintiff's counsel at this time. Defendants fear that: (1) Mr. Keshavarz will violate the privacy rights of those persons; or (2) he will use the letters and screen shots to solicit debtors directly either to add yet additional plaintiffs or to find new plaintiffs for other cases should this action be dismissed or referred to arbitration.

With regard to the former concern I would point to the following examples in this case of willful disregard by Mr. Keshavarz of the Court's redaction rules:

| Docket Entry | Page | Disclosure |
|---|---|---|
| 1 | 24, 84 | Plaintiff's address |
| 1 | 34 | Account Number |
| 1 | 35-46, 48, 50, 52, 54, 56, 58 | Plaintiff's address and account number |
| 61-3 | 2. 4, 13, 19, 45, | Account Number |
| 61-3 | 8, 9, 49 | Plaintiff's address |
| 61-3 | 20-31, 33, 35, 37, 39, 41, 43 | Plaintiff's address and account number |
| 61-3 | 63, 66, 68 | Marvin Weinberg's address |
| 61-3 | 64 | Marvin Weinberg's Account Number |
| 61-3 | 70, 71, 72, 76 | Oleg Tyulenev's address |
| 61-3 | 72 | Oleg Tyulenev's Account Number |
| 61-3 | 85, 86, 93, 98 | Kareem Green's address |
| 61-3 | 88, 89 | Kareem Green's Account Number |



This list is incomplete, as other pages containing personal information were illegible, but the personal information was not redacted. However, the above chart reflects forty-two separate redaction violations to date in this case. Although redaction violations can happen to anyone they are usually inadvertent. It is clear in this case, however, that Mr. Keshavarz made absolutely no effort to redact. His conduct evidences conscious indifference for both the redaction rules and the privacy rights of his own clients (not to mention his certification that he redacted at the time of ECF filing). Respectfully, he simply should not be entrusted with the addresses, account numbers, and other private information of unnamed putative class members.

Defendants also have grave concern that allowing Mr. Keshavarz access to the addresses of putative class members will result in solicitation of those persons as plaintiffs in this or other cases. Plaintiff's counsel filed this suit putting forth Ms. Mayorga as a suitable class representative. Now, as evidenced by their motion to amend, they have found at least three additional plaintiffs, and either counsel or those potential plaintiffs must not think that Ms. Mayorga is adequate to represent a class as those others also seek to become plaintiffs and putative class representatives.[3] If the Court finds those persons to be atypical (*e.g.,* for the reasons set forth above in Footnote 2) we have no doubt that Mr. Keshavarz will seek to add yet more plaintiffs.

The decision of whether to compel production of the names and addresses of putative class members lies within the discretion of the Court. *Charles v. Nationwide Mut. Ins. Co.,* 2010 U.S. Dist. LEXIS 143487, 9-10 (EDNY May 27, 2010). However:

> Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification. *See, e.g., Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 416 (9th Cir. 1985) (affirming denial of motion to produce names of similarly situated investors); *In re Mortgagors of Temple-Inland Mortg. Corp.,* 2001 U.S. Dist. LEXIS 1918, No. Civ. A. 99-CV-4633, 2001 WL 177181, at *2 (E.D. Pa. Jan. 24, 2001); *Buycks-Roberson v. Citibank Federal Sav. Bank,* 162 F.R.D. 338, 342 (N.D. Ill. 1995) (in redlining action against bank, plaintiffs were not entitled to loan files without redacted addresses where loan applicant's names were also redacted); *Flanigan v. Am. Fin. Sys. of*

---

[3] If Ms. Mayorga is truly an adequate class representative additional plaintiffs should not be necessary. The addition of more plaintiffs a year into this litigation serves only to increase the costs and burdens to Defendants and to run up the fees of Plaintiff's counsel.


>    *Ga.*, 72 F.R.D. 563, 563 (M.D. Ga. 1976) ("Rule 23 should not be used as a device to enable client solicitation"); *Crabtree v. Hayden, Stone Inc.*, 43 F.R.D. 281, 283 (S.D.N.Y. 1967) ("the purpose of the pre-trial discovery rules . . . is to enable the parties to prepare for trial with respect to their own bona fide existing claims, not to determine whether third parties may have similar claims"); but *see Wiginton v. CB Richard Ellis, Inc.*, 2003 U.S. Dist. LEXIS 16266, No. 02 C 6832, 2003 WL 22232907, at *4 (N.D. Ill. Sept. 16, 2003) (ordering defendant to produce list of female employees in sexual harassment action).

*Dziennik v. Sealift, Inc.*, 2006 U.S. Dist. LEXIS 33011, 3-4 (EDNY May 23, 2006). *See, also, Calabrese v. CSC Holdings, Inc.*, No. 02 CV 5171, 2007 U.S. Dist. LEXIS 16059, 2007 WL 749690, at *6 n.7 (EDNY Mar. 7, 2007) (Opinion by Judge Irizarry holding that courts "disfavor" pre-certification requests for the identities of putative class members).

This is a very real concern in FDCPA cases. In *Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996),[4] the plaintiff's attorney obtained through discovery a list of debtors who had been the subject of collection efforts. He then threatened to use the list to solicit new clients unless the defendant paid him $30,000 not to engage in such conduct. The Court of Appeals affirmed an order of the district court enjoining the plaintiff's counsel from using the list of alleged debtors to solicit new clients.

This FDCPA case is based upon the filing of FRIC's state court motion for summary judgment. No other act occurred within the FDCPA's one-year limitations period, and we believe that should the case go forward with Ms. Mayorga as the plaintiff the letters are simply not relevant as she was not sent a letter within either the one-year or three-year periods. We similarly believe that the screen shots add nothing to the FDCPA class, but we acknowledge that you have ordered their production. Ms. Moreno has asked me to state that her client has no desire to violate an order of the Court; however, all Defendants ask that you modify your ruling to protect both them and the consumers whose personal information is at issue.

Since I am disclosing numbers in this letter I want to disclose as well that based upon the additional information that Ms. Moreno has provided me this week Defendants believe that the one-year class of persons who: (a) had suits filed after the expiration of the limitations period of the issuer's home state; and (b) either were sued during the one-year class period or had a request for

---

[4] There are two *Wade* decisions reported at that cite. This is a reference to the unpublished decision dealing with the misconduct of Wade's attorney.



relief made on or after February 7, 2011, consists of fewer than 35 persons,[5] exclusive of the Eric Berman files. Mr. Berman is deceased, and we cannot get all of the information for a proper analysis. However, FRIC believes that at most it could be eleven persons for the one-year period. Thus, excluding the recipients of the letters (since Ms. Mayorga is not typical of those persons) the information reported to FRIC by the various law firms that have represented it in New York indicates that the total number of putative class members for the litigation class may not be sufficient to satisfy the numerosity requirement of Rule 23. Thus, Defendants are being put to substantial burden and risk in a case that appears likely not to be certifiable even if you deny both the motion to dismiss and the motion to compel arbitration.

In light of these concerns Defendants ask the Court to consider alternatives to protect the privacy of the putative class members (who are not presently parties to this litigation nor represented by Plaintiff's counsel) and to protect the defendants from having Mr. Keshavarz use those letters and screen shots to solicit new or additional plaintiffs. We request that you permit Defendants to satisfy your discovery order in the following manner:

1. FRIC could produce (at once, and without the need for any expenditure of time or fees to redact) exemplars of the five form letters together with a spreadsheet containing the names of the persons to whom they were sent, the number of the form that was sent to each, and the date the letter was sent. I have that spreadsheet and the exemplars in my possession, and they could be produced quickly.[6]

2. The S&L Defendants could generate the screen shots requested, but would ask that they be permitted to redact the addresses, phone numbers, Social Security Numbers, and dates of birth of the debtors. As Ms. Moreno disclosed at the hearing this must be done screen by screen, and only one S&L employee has the requisite permissions due to their security policies. Nevertheless, she reports that her client can manage it. She estimates that each screen takes six minutes to retrieve, review, and redact, and there

---

[5] Defendants are still identifying exclusions. There are some discrepancies between FRIC's records and those of S&L. FRIC thought that suits had been filed in a few instances where they were not. Also, S&L is still researching whether all suits that were potentially within the FDCPA class actually had litigation activity since the start of the class period. We expect the number to drop, and it could possibly be fewer than twenty.

[6] Respectfully, given my disclosure as to the number of letters and the date of the letter sent to Plaintiff I do not believe that even the spreadsheet is relevant. Nevertheless, I am trying to provide a way that the Court could maintain the spirit of the prior ruling and still protect Defendants and the absent putative class members. Letter-by-letter redaction of 1,257 letters will be time-consuming and expensive.



Hon. Viktor V. Pohorelsky
March 25, 2013
Page 6

_____

> are possibly as many as eight screen shots that will have to be printed. The employee who has the ability to print the screen shots has other critical job duties, and Ms. Moreno reports that she expects it will take two weeks from the date of a ruling to locate, print, and redact all of the screen shots.

Should you not change your prior ruling we ask in the alternative that you order Plaintiff's counsel not to contact any of the unnamed putative class members. Respectfully, though, Defendants fear that this is far less appropriate an option as it creates a substantial danger that we will have an additional battle in the future should Mr. Keshavarz attempt to represent one of the letter recipients.

Finally, FRIC is concerned about the possibility that privileged attorney-client communication will be produced. Mr. Keshavarz indicated a belief that he is entitled to the communications between FRIC and the S&L defendants. I hope that was not your intended ruling, and I did not see anything in the minute orders that indicated to me that you had made such a ruling. If you have I would respectfully request clarification. FRIC has not consented to any waiver by S&L of any such privilege.

The Defendants sincerely appreciate your consideration of these issues.

        Yours truly,

        BARRON & NEWBURGER, P.C.

        ***/s/ Manuel H. Newburger***

        Manuel H. Newburger
        Attorney for First Resolution
        Investment Corporation

MHN/n

cc:   Ahmad Keshavarz
      Mr. Brian Bromberg
      Nasoan Sheftel-Gomes
      Amanda Moreno
      Jonathan Greystone