# AHMAD KESHAVARZ

*Attorney at Law*

---

16 COURT ST., 26TH FLOOR　　WWW.NEWYORKCONSUMERATTORNEY.COM　　PHONE: (718) 522-7900
BROOKLYN, NY 11241-1026　　E-mail: ahmad@NewYorkConsumerAttorney.com　　FAX:　 (877) 496-7809

March 25, 2013

Magistrate Judge Viktor V. Pohorelsky
225 Cadman Plaza East
Brooklyn, New York 11201

### Via ECF and hand-delivery

Re: Plaintiff's letter to enforce prior rulings of court [DE 20 ¶ 1, DE DE 34 ¶ 1(d)] that S&L must answer Plaintiff's First Set of Discovery Requests, and has waived objections to the same.

Case No. 1:12-cv-00587-DLI-VVP, *Caroline Mayorga v. First Resolution Investment Corporation, et al*, Eastern District of New York.

Dear Judge Pohorelsky:

On March 15, 2013, Your Honor ordered that plaintiff provide to the Court the discovery responses received from Sharinn & Lipshie, P.C. ("S&L") that were subject to the Court's prior order precluding S&L from withholding information on the basis of any objections, together with the discovery responses to which those responses apply and a statement as to where the Court's prior order may be found in the record. *See* ECF #70 ¶ 2b.

Plaintiff served a First Set of Discovery Requests on S&L on May 31, 2012. *See* Exhibit A. S&L's responses were due by July 2, 2012. S&L failed to respond to the discovery requests. On August 6, 2012, Plaintiff moved to compel responses. *See* ECF #17.

On August 9, 2012 Your Honor issued the following order, contained in ECF #20 ¶ 1, 2:

> The defendant Sharinn & Lipshie will respond in writing to the plaintiff's [first set of] interrogatories and document requests by August 10, 2012;

Page 1 of 3

> The defendants shall respond to the plaintiff's motions to compel by August 23, 2012 (to the extent that Sharinn & Lipshie's responses above raise additional items in dispute, plaintiff may file a further letter motion concerning those items by August 14, 2012); argument will be heard as necessary and rulings will be rendered at the conference scheduled… August 29, 2012.

S&L failed to respond at all to Plaintiff's document requests by August 10, 2012 and responded to Plaintiff's interrogatories with a series of boilerplate objections. *See* Exhibit B. Accordingly, on August 14, 2012, Plaintiff moved to compel [DE 22] responses on both fronts and requested a ruling that S&L has waived its objections to the same due to untimeliness. *See* Exhibit C.

On August 28, 2012 (the day before the hearing on the motion to compel), S&L emailed Plaintiff responses to the documents production requests in the form of boilerplate objections and responses. *See* Exhibit D.

At the August 29, 2012 discovery hearing, Your Honor issued the following ruling regarding S&L's waiver of objections to discovery responses, *see* ECF #34 ¶ 1(d):

> By failing to provide timely written responses to the plaintiff's discovery requests, the defendant Sharinn & Lipshie has waived its objections with respect to the relevance of the information sought by the plaintiff, but the court will continue to consider, in the interests of justice, how the burdensomeness of production of requested discovery will affect the scope and nature of production.

But despite the passage of *seven months* and *two* court orders, S&L has not served amended discovery responses to remove objections and to substantively answer the requests. As the Court can see, S&L has ignored its obligations under the Federal Rules of Civil Procedure. S&L's discovery responses to date – Exhibits B and D – are entirely inadequate and ignore the Court's prior orders in ECF #20 and #34.

In sum, Plaintiff merely seeks to require S&L to fulfill its obligations under the Federal Rules of Civil Procedure and cease delaying this case. In addition, S&L's obduracy on discovery is a prime example of the prejudice that would result if the Court decides that Plaintiff's claim should instead be arbitrated, *i.e.*, Plaintiff will be forced to begin at "square one" on discovery with S&L. And S&L will undoubtedly again seek to delay and evade its discovery obligations, but because this case will be in an arbitral forum, S&L will not be subject to sanctions for its discovery misconduct.

Respectfully,

/s/
Ahmad Keshavarz
One of Plaintiff's Attorneys

Enclosures (as stated)

cc: all counsel via ECF