# EXHIBIT A

First Set of Discovery Requests on S&L on May 31, 2012

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Caroline Mayorga**<br>**On behalf of herself and all others similarly**<br>**situated** | **Case No.:  12-cv-587 (DLI)(VVP)** |
| **Plaintiff** | |
| **v.** | |
| **First Resolution Investment Corporation** | |
| **Sharinn & Lipshie, P.C.** | |
| **Christopher Volpe** | |
| **Ronald Lipshie** | |
| **Harvey Sharinn** | |
| **Angel Page** | |
| **John Does # 1 – 10** | |
| **Defendants** | |

## PLAINTIFF'S FIRST SET DISCOVERY TO DEFENDANTS
### Sharinn & Lipshie, P.C.,, Christopher Volpe, Ronald Lipshie, Harvey Sharinn, Angel Page
### (collectively "Sharinn & Lipshie")

Plaintiff serves the above referenced discovery instrument to the above referenced party

by and through said party's counsel as indicated in the certificate of service below.

Respectfully submitted,
/s/
Ahmad Keshavarz
THE LAW OFFICES OF AHMAD KESHAVARZ
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:     (877) 496-7809 (toll-free)
Email: ahmad@NewYorkConsumerAttorney.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the above referenced document to the party listed below
via fax and email:

Defendants First Resolution Investment Corporation and Angel Page
By and through their attorneys of record
Kevin Evont Bowens
Barron & Newburger, P.C.
The Northgate

105 Garth Road 6G
Scarsdale, New York 10583
Tel. 866-476-9103 ext. 235
Fax: (512) 476-9253
Email: kbowens@bn-lawyers.com

Defendants Sharinn & Lipshie, P.C., Christopher Volpe, Ronald Lipshie and
Harvey Sharinn
By and through their attorneys of record
Amanda J. Moreno, Esq.
Sharinn & Lipshie, P.C.
333 Earle Ovington Blvd, Suite 302
Uniondale, NY 11556
Phone : (516) 408-5000 ext. 180
Fax : (516) 512-5450
Email amoreno@collectthedebt.com

Date:  May 31, 2012
/s/
Ahmad Keshavarz
Attorney for Plaintiff
Brooklyn, NY

## <u>DEFINITIONS</u>

Plaintiff incorporates by reference the Local Civil Rule 26.3. Uniform Definitions in Discovery Requests. Plaintiff emphasizes two definitions in particular:

(3) **Identify (with respect to persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) **Identify (with respect to documents).** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

# **INTERROGATORIES**[1]

1. State the number of individuals with addresses in New York State, and "identify" each such individuals who, within ***one year*** of the filing of this action:
    a. you sent or you had your agent send;
    b. a written communication (including pleading);
    c. had a pleading filed in connection with a lawsuit against them;
    d. seeking to collect a debt or sent in connection with the attempt to collect a debt;
    e. that was not returned by the postal service as undelivered;

2. For each of the individuals identified in Interrogatory 1, please "identify" for each individual:
    a. The putative original creditor;
    b. The "charge off" date from the putative original creditor;
    c. The date of last payment to the putative original creditor;
    d. The date each written communication was sent;
    e. If the communication was sent in connection with a collection lawsuit, please state:
        i. The style, index number, county of suit, and court of suit;
        ii. The amount sought to be collected
        iii. The date from which the complaint state it sought interest;[2]
        iv. The date of the entry of a default judgment, stipulation of settlement, or notice of discontinuance, if any.
    f. For each written communication, please state which communication on which date was sent to the consumer or filed with the court; and
    g. Please describe the nature and sum and substance of each communication.[3]

---

1 As previously noted,  the term "identify" as used in these discovery requests has the same meaning as defined in Local Civil Rule 26.3(c)(3) and (4), which state:

> (3) **"Identify" (with respect to persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

> (4) **"Identify" (with respect to documents).** When referring to documents, "to identify" means to give, to the extent known, the (I) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

2 For example, to summons attached as Exhibit A to the Original Complaint in this action sought "interest thereon from the day of February 28, 2006 at the rate of 9%." In this example, February 28, 2006 is the date that would be responsive to this discovery request.

3 For example, please identify whether each communication was:
    a. A served summons and complaint;
    b. A summons and complaint filed with the court;
    c. An additional copy of the summons and complaint mailed to the consumer;
    d. A document mailed to the consumer stating that a collection suit had been filed;
    e. A document mailed to the consumer stating a collection suit had been authorized;

3. For each of the individuals identified in Interrogatory 1 or 2, please state for each individual:
   a. The date of each payment, the amount of each payment, and the total amount of payments;
   b. If a judgment was entered, please state the date of the judgment, the amount of the judgment, and the date from which the judgment stated interest was awarded;

4. For each of the individuals identified in Interrogatory 1 or 2, please state:
   a. The date you contend the putative original creditor suffered the economic injury from the consumer;
   b. The basis for your assertion (e.g. the date of last payment to the putative original creditor); and
   c. The state of the principal place of business and the state of incorporation of the putative original creditor on the date of the putative creditor suffered the putative economic injury.

5. Please answer interrogatories # 1 – 4 for the time period of ***three years*** prior to the filing of this action.

6. "Identify" each person (e.g. each attorney, collector, affiant, servicing entity, First Resolution Management Corporation) involved in sending out the communications referenced 1 – 3, and 5, and precisely their role in each person's role in each step of the debt collection process that produced the documents referenced in interrogatory 2(e) – 2(g) for a period of time of three years prior to the filing on the original complaint in this action.

7. Describe, step-by-step, the process which resulted in the letter attached to the Complaint as Exhibit A the documents referenced in interrogatory 2(e) – 2(g) for a period of time of three years prior to the filing on the original complaint in this action. Begin with the date and method of transmission of debtor information to Defendant, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made); letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom); computer tapes or media returned (on what occasion, when, by whom and to whom).

---

   f.  A document mailed to the consumer stating that suit may be possible;
   g.  A document mailed to the consumer stating attorneys fees may be sought;
   h.  A motion for summary judgment mailed to the consumer;
   i.  A motion to strike an answer mailed to the consumer;
   j.  A discovery demand mailed to the consumer;
   k.  A request to enter judgment filed with the court;
   l.  A document mailed to the consumer making ***no*** reference to litigation, consideration of litigation, court costs, attorneys fees, or the style of a lawsuit.
   m.  Any other written communication (please state the sum and substance of the communication).

8.  State your net worth within 3 years of the filing of this complaint and describe in detail how it was computed. Please describe the nature and location of the documents upon which you base your answer.

9.  State the names and addresses of all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.  Please supplement your answer for any future discovery request.

10. Describe the legal and factual basis of your affirmative defenses in this case, including bona fide error. Describe the nature and location of the documents upon which you base your assertion and what is the name, title and contact information for the person or persons with knowledge of the legal and factual basis for your affirmative defenses, including bona fide error.

11. Specifically, do you contend that part of your bona fide error defense in this case the reliance on information or advice provided by Defendant Sharinn & Lipshie, P.C.?  If so, what information or advice do you contend you relied upon, when and how was that information or advice transmitted, and what is the nature and location of the documents upon which reflect the information or advice provided.

## REQUESTS FOR ADMISSION

Under Federal Rules of Civil Procedure 36, Plaintiff requests that Defendant admit the truth of the following matters:

1) Communications from FRIC to Sharinn & Lipshie were made through First Resolution Management Corporation.

2) You contend that (for each of the individuals identified in Interrogatories 1, 2, and 3, who were sued by Defendant) the date that the original creditor allegedly suffered economic harm was at least six (6) months prior to the collections lawsuit.

3) Plaintiff is a person residing in Queens County, New York.

4) Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5) You are a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

6) You are engaged in the collection of debts from persons using the U.S. mails and/or telephone.

7) You regularly collect or attempt to collect debts alleged to be due to another.

8) You are a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1682a(6).

9) The obligation you contended that Plaintiffs owed is a "debt" as defined by 15 U.S.C. § 1692a(5).

10) The obligation you contended class members owed is a "debt" as defined by 15 U.S.C. § 1692a(5).

11) You are a debt collector that purchases charged off consumer debts for pennies on the dollar and files lawsuits to collect those alleged debts.

12) Defendant Sharinn & Lipshie, P.C. ("S&L") is a debt collection law firm. S&L regularly attempts to collect alleged consumer debts on behalf of FRIC and others by filing thousands of collections lawsuits, sending thousands of collection letters, and making thousands of collection calls.

13) On or about July 8, 2009, FRIC, by and through its agent S&L, filed a collections lawsuit against now-Plaintiff Caroline Mayorga in Index Number CV-081976-09/QU, First Resolution Investment Corporation v. Caroline Mayorga, Queens County Civil Court ("the collections lawsuit").

14) Exhibit A to the Original Complaint in this action is a true and correct copy of the complaint filed in the collections lawsuit.

15) Exhibit B to the Original Complaint in this action is a true and correct copy of the affidavit of service filed in the collections lawsuit..

16) Exhibit C to the Original Complaint in this action is a true and correct copy of the pro se answer to the collections lawsuit on October 6, 2009, and an amended pro se answer on October 14, 2009.

17) On or about April 19, 2011, attorney Nasoan Sheftel-Gomes of the Urban Justice Center noticed an appearance on behalf of Ms. Mayorga.

18) Exhibit D to the Original Complaint in this action is a true and correct copy of the motion for summary judgment in the collections lawsuit filed on or about October 27, 2011.

19) On October 16, 2007 a batch of accounts was sold from Chase Bank USA, N.A. to Unifund Portfolio A, LLC. The account owed by Ms. Mayorga was among the batch of accounts transferred.

20) Exhibit E to the Original Complaint in this action is a true and correct copy of the December 9, 2008 collection letter from FRIC, through its servicer First Resolution Management Corporation regarding the debt sought to be collected in the collections lawsuit.

21) July 5, 2005 is last payment on the putative debt for which the collections lawsuit was filed, as indicated in the letter attached as Exhibit E to the Original Complaint in this action.

22) You contend that the statute of limitations for the debts you seek to collect from class members begins on the date of the last payment on the putative account.

23) You contend that the statute of limitations for the debts you seek to collect from class members begins one month from the date of the last payment on the putative account.

24) You contend that the statute of limitations for the debts you seek to collect from class members begins on the date of the last payment on the putative account.

25) You contend that the statute of limitations for the debts you seek to collect from class members begins the date of the last payment to the putative original creditor on the putative account.

26) You contend that the statute of limitations for the debts you seek to collect from class members begins one month after the date of the last payment to the putative original creditor on the putative account.

27) You contend that the statute of limitations for the debts you seek to collect from class members begins on the *charge off date* on the putative account with the putative original creditor.

28) You contend that the statute of limitations for the debt you sought to collect from Ms. Mayorga begins on the date from which from which you state on the Summons you seek "interest thereon from the day of February 28, 2006 at the rate of 9%."

29) You contend that the statute of limitations for the debts you seek to collect from class members against whom you have filed suit begins on the date from which from which you state on the Summons you seek "interest thereon from the day of [insert date] at the rate of 9%.

30) You contend the charge off date is 180 days from the date of the last payment with the putative original creditor.

31) Chase Bank USA, NA is incorporated in Delaware since at least February 2001.

32) Chase Bank USA, NA has had its principle place of business in Delaware since at least February 2001.

33) You contend that CPLR 202 applies to the determination of the statute of limitations for the debt you sought to collect from Ms. Mayorga.

34) You contend that CPLR 202 applies to the determination of the statute of limitations for the debts you sought to collect from class members.

35) You contend that Delaware state law, Del Code Ann, tit 10, §8106 (three years) governs the debt sought to be collected from Ms. Mayorga.

36) You contend that Delaware state law, Del Code Ann, tit 10, §8106 (three years) governs the debt sought to be collected from class members.

37) You do not have a complete chain of title from Chase Bank USA, N.A. to FRIC regarding the debt sought to be collected from Ms. Mayorga.

38) You do not have a complete chain of title from Chase Bank USA, N.A. to FRIC regarding the debt sought to be collected from class members.

39) You do not have a complete chain of title from the putative original creditor to FRIC regarding the debt sought to be collected from class members.

40) Your net worth exceeds $1,000.

41) Your net worth exceeds $10,000.

42) Your net worth exceeds $100,000.

43) Your net worth exceeds $1,000,000.

44) Your net worth exceeds $10,000,000.

45)  Your net worth exceeds $100,000,000.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following documents.

1. The documents upon which you base your answers to the above interrogatories.

2. The documents you reference in your answers to the above interrogatories.

3. The documents you sent to class members, either directly or through your agent.

4. All complaints, pleadings, discovery, motions, correspondence, collection letters, or other documents sent to the individuals identified or referenced in response to these Interrogatories.

5. The documents you filed in court regarding class members, either directly or through your agent.

6. The documents you received from class members, either directly or through your agent.

7. The documents between Defendants reflecting communications regarding class members or the putative debts owed by class members.

8. The collection notes or account notes regarding class members or the debts alleged to be owed by class members.

9. The documents you sent to the individuals identified in interrogatories, either directly or through your agent.

10. The documents you filed in court regarding class members, either directly or through your agent.

11. The documents you received from class members, either directly or through your agent.

12. The documents between Defendants reflecting communications regarding class members or the putative debts owed by class members.

13. The collection notes or account notes regarding class members or the debts alleged to be owed by class members.

14. The documents upon which you base any answer to a request for admission that is not an unequivocal admission.

15. Please provide the complete chain of title Chase Bank USA, N.A. to FRIC regarding the debt sought to be collected from Ms. Mayorga.

16. Please provide the complete chain of title Chase Bank USA, N.A. to FRIC regarding the debt sought to be collected from class members.

17. For each individual identified in response to these Interrogatories for whom you assert that the claimed debt was anything other than a consumer debt, produce all documents, including electronically stored information, which was furnished to you by the original creditor concerning the nature of the account and the amount of the debt.

18. Your insurance policy referenced in your initial disclosures.

19. Any insurance policies that may cover the claims brought by way of this suit, regardless if you have forwarded this claim to your insurance carrier.

20. The documents you reference in your initial disclosures.

21. For each individual identified in response to Plaintiff's Interrogatories for whom you assert that the claimed debt was anything other than a consumer debt, produce all documents, including electronically stored information, which was furnished to you by the original creditor concerning the nature of the account and the amount of the debt.

22. Copies of all agreements or contracts (including any collection agreements, servicing or subservicing agreements, retainer agreements, sales or assignment agreements, or partnership agreements) between you and the other Defendants (or the servicers of the other Defendants) in effect from January 1, 2008 to present that govern or relate to the debts sought to be collected from class members.

23. Produce copies of all agreements or contracts (including any collection agreements, retainer, servicing or subservicing agreements, retainer agreements, sales or assignment agreements, or partnership agreements) between you, co-Defendants, First Resolution Management Corporation, or any third-party that governs or relates to the collection of the putative debts from class members from January 1, 2008 to present.

24. Documents upon which you base your calculation of attorney's fees in the collections lawsuit against class members.

25. Produce all tax returns, including applicable schedules, for the three years prior to the filing of this lawsuit.

26. Produce all account statements from three years prior to the filing of this lawsuit to the present for all assets and liabilities identified in the interrogatories.

27. Produce a copy of all applications for credit submitted by you on or after the date three years prior to the filing of this action, including any financial statements submitted.

28. Produce copies of all statements of assets or other financial statements submitted by you on or after January 1, 2010 to any creditor, auditor, accountant, client, the Securities and Exchange Commission, or to any entity that may have been engaged in discussions with you concerning a merger, acquisition, or purchase or sale of assets.

29. The first written communication you sent Plaintiff and to class members.

30. The first written communication that was sent on your behalf to Plaintiff or to class members.

31. All documents you contend you sent to Plaintiff or class members, either directly or through co-Defendant.

32. The documents that reflect communications between Defendants regarding Plaintiff or regarding the debt that formed the basis of the underlying lawsuit.

33. The contracts that reflect who owned title to the alleged debt and who was the servicer for the debts alleged to be owed by class members,

34. The contracts that delineated the relationship between co-Defendants regarding the debts sought to be collected from class members.

35. Documents reflecting calls you made to Plaintiff.

36. A document reflecting the name of the vendor, if any, you contend sent Plaintiff or any class member any document on your behalf regarding the debts they were alleged to owe.

37. Any joint defense agreement with any other party to this suit.

38. Any demands for indemnification or contribution between the Defendants in this case.

39. Your "collection notes" or "account notes" regarding Plaintiff, class members, the debts alleged to be owed by class members, or collection lawsuits against class members.

40. Please produce the documents upon which you base any and each of the denials stated in your Original Answer.

41. Documents reflecting communications you received from or provided to co-Defendant prior to the date of this federal lawsuit regarding Plaintiff or the alleged debt.

42. Please produce the retainer and all billing records for attorney's fees and costs incurred in the underlying action and in the other attempts to collect the alleged debt.

43. Please produce the retainer and all billing records for attorney's fees and costs incurred in this lawsuit.

44. Please produce the documents upon which you relied or referred in answering these discovery requests or in filing your answer.

45. Any document you sent to or received from any credit-reporting agency regarding Plaintiff.

46. If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

47. The documents that show to whom the alleged debt has ever been assigned or sent for servicing or collection.

48. The documents you contend bear the signature of Plaintiff.

49. The credit application for the debt in the underlying action.

50. The statements allegedly issued to Plaintiff by the alleged original creditor.

51. The documents that you assert supports your contention of the amount due in the underlying action and in documents, if any, you sent to Plaintiff.

52. The documents upon which you base any affirmative defenses, if any.

53. The documents used or referred to in responding to Plaintiff's discovery requests.

54. Every document that you relied on or consulted in preparing your pleadings in the underlying action or in your responses to these discovery requests.

55. Every document used, relied on or created by every testifying expert witness

56. Every document that you intend to use or introduce into evidence at the trial of this case.

57. All documents you contend you and any prior or subsequent assignee of the alleged debt sent to Plaintiff.

58. The front and backsides of any payment (e.g. check) you assert Plaintiff made on the alleged debt in the last 48 months.

59. All audio recordings of Plaintiff, agents, family members or counsel for Plaintiff, or recordings concerning Plaintiff.

60. All documents upon which you base any statement in your answer that is other than an unequivocal admission.

61. All documents upon which you base your assertion of bona fide error, including all training manuals, policy manuals and evaluations.

62. The manuals for the collections software you used regarding the alleged debt, particularly as reflected in the case notes, dunning letters and pleadings you have produced.

63. The manuals for the software used to transfer the information regarding plaintiff and/or the alleged debt between you and any other defendant in this case, to any credit reporting agency, or to any other third party.

64. Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of your employees in any and all of the following areas:

   (a)    Collection policies;

   (b)    Collection procedures;

   (c)    Collection methods;

   (d)    Collection techniques;

   (e)    Collection tactics;

   (f)    Collection rules;

   (g)    Collection regulations; and

   (h)    Compliance with local, state, or federal laws, codes, or regulations.

65. Any and all training, personnel, or other instruction manuals used by any and all personnel who are employed by or supervised by you or by co-Defendant that engage in the collection of alleged debts to you or to co-Defendant.

66. Any and all collection software and/or hardware manuals and/or instruction guides for each and every telephone system, computer system, software package, software system, hardware package, hardware system, electronic device, or non-electronic device used in any manner by you in collecting debts.

67. Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which you have been named as a witness or a party, that have existed or been brought with respect to or involving any Defendant, and which involved as all or part of their subject matter debt collection activities and for a period of three (3) years before the date of this request to the present.

68. A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced by you.

69. All documents constituting, reflecting, referring or relating to communications between class members and Defendants.

70. All material, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding the Fair Debt Collection Practices Act.

71. Copies of any complaints and dockets of any litigation filed against the Defendant alleging violations of the Fair Debt Collection Practices Act in the past 5 years.

72. Copies of any complaints and dockets of any litigation filed against the Defendant alleging violations of the Fair Debt Collection Practices Act in the past 5 years.

73. The employment file, job application, job description, and documents reflecting training, supervision and discipline for every employee or person within your control whose name is indicated in your document production, even if said person is referred to only by abbreviation.

74. A list of all employees engaged in the collection of consumer debts, their positions and responsibilities.

75. All documents relating to the maintenance of procedures by the Defendant designed or intended to avoid violation of the Fair Debt Collection Practices Act.

76. Copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

77. Statements of any party to this suit related to the collection of the account from Plaintiff, the facts alleged in the complaint, or any defense to this action.

## <u>INSTRUCTIONS</u>

### A.  <u>INSTRUCTIONS FOR REQUESTS FOR PRODUCTION OF DOCUMENTS.</u>

THE REQUESTING Plaintiff serves this request for production on the above referenced party, as authorized by Federal Rule of Civil Procedure 34.  As required by Rule 34(b), Defendant must produce all requested documents for inspection and copying either as they are kept in the ordinary course of business or segregated according to each request.  The documents must be produced within 30 days of service of this request, at The Law Office of Ahmad Keshavarz, 16 Court St., Suite 2600, Brooklyn, NY 11241-1026.

Answer each request for documents separately by listing the documents and by describing them as defined below.  If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

<u>For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.</u>

### B.  <u>INSTRUCTIONS FOR INTERROGATORY REQUESTS.</u>

Plaintiff serves these interrogatories on Defendant as authorized by Federal Rule of Civil Procedure 33.  Defendant must serve an answer to each interrogatory separately and fully, in writing and under oath, within 30 days after service.

For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

### C.  <u>INSTRUCTIONS FOR REQUESTS FOR ADMISSION</u>

Plaintiff serves these requests for admissions upon Defendant as authorized by Federal Rule of Civil Procedure 36.  Defendant must serve an answer to each request separately and fully, in writing and under oath, within 30 days after service.

# PRIVILEGE LOGS

Please produce a privilege log if you are asserting any attorney client privilege, workproduct privilege, or assertion of confidentiality.

Please take note of Local Rule 26.2(a) and (b) which states:
.

Local Civil Rule 26.2. Assertion of Claim of Privilege

(a) Where a claim of privilege is asserted in objecting to any means of discovery or disclosure, including but not limited to a deposition, and an answer is not provided on the basis of such assertion,

(1) The attorney asserting the privilege shall identify the nature of the privilege(including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(2) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(A) For documents: (I) the type of document, e.g., letter or memorandum;

(ii) the general subject matter of the document; (iii) the date of the document; and(iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

(B) For oral communications: (I) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

(b) Where a claim of privilege is asserted during a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (a) above shall be furnished (1) at the deposition, to the extent it is readily available from the witness being deposed or otherwise, and (2) to the extent the information is not readily available at the deposition, in writing within fourteen (14) days after the deposition session at which the privilege is asserted, unless otherwise ordered by the court.

(c) Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (a) above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the court.

# EXHIBIT B

S&L Interrogatory Answers, August 10, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

Caroline Mayorga, on behalf of herself )
and all others similarly situated )     Case No. 1:12-cv-00587-DLI-VVP
 )
            Plaintiff, )     Judge Irizarry
 )     Magistrate Judge Pohorelsky
 )
v. )
 )
First Resolution Investment Corporation, *et al.* )
            Defendants. )

---

## RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendants Sharinn & Lipshie, P.C. (S&L), Christopher Volpe (CV), and Harvey Sharinn (HS), (collectively referred to hereinafter as "Defendants") hereby respond to Plaintiff's First Set of Interrogatories and state as follows:

1. State the number of individuals with addresses in New York State, and "identify" each such individuals who, within *one year* of the filing of this action:
    a. you sent or you had your agent send;
    b. a written communication (including pleading);
    c. had a pleading filed in connection with a lawsuit against them;
    d. seeking to collect a debt or sent in connection with the attempt to collect a debt;
    e. that was not returned by the postal service as undelivered;

    ANSWER:      Defendants object to this interrogatory on the grounds that the request is so broad in scope and would impose an undue burden and expense on the Defendants. Defendants further object in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Lastly, Defendants object due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.

2. For each of the individuals identified in Interrogatory 1, please "identify" for each individual:
    a. The putative original creditor;
    b. The "charge off" date from the putative original creditor;

      c.  The date of last payment to the putative original creditor;

      d.  The date each written communication was sent;

      e.  If the communication was sent in connection with a collection lawsuit, please state:

            i.  The style, index number, county of suit, and court of suit;

           ii.  The amount sought to be collected

         iii.  The date from which the complaint state it sought interest;

         iv.  The date of the entry of a default judgment, stipulation of settlement, or notice of discontinuance, if any.

      f.  For each written communication, please state which communication on which date was sent to the consumer or filed with the court; and

      g.  Please describe the nature and sum and substance of each communication.


ANSWER:       Defendants object to this interrogatory on the grounds that the request is so broad in scope and would impose an undue burden and expense on the Defendants. Defendants further object in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Lastly, Defendants object due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.

3. For each of the individuals identified in Interrogatory 1 or 2, please state for each individual:
   a. The date of each payment, the amount of each payment, and the total amount of payments;
   b. If a judgment was entered, please state the date of the judgment, the amount of the judgment, and the date from which the judgment stated interest was awarded;

ANSWER:      Defendants object to this interrogatory on the grounds that the request is so broad in scope and would impose an undue burden and expense on the Defendants. Defendants further object in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Additionally, Defendants object due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Lastly, Defendants object to the cumulative and duplicative nature of the requested information.

4. For each of the individuals identified in Interrogatory 1 or 2, please state:
   a. The date you contend the putative original creditor suffered the economic injury from the consumer;
   b. The basis for your assertion (e.g. the date of last payment to the putative original creditor); and
   c. The state of the principal place of business and the state of incorporation of the putative original creditor on the date of the putative creditor suffered the putative economic injury.

ANSWER:      Defendants object to this interrogatory on the grounds that the request is so broad in scope and would impose an undue burden and expense on the Defendants. Defendants further object in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Additionally, Defendants object due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Lastly, Defendants object to the cumulative and duplicative nature of the requested information.

5. Please answer interrogatories # 1 – 4 for the time period of ***three years*** prior to the filing of this action.

information and legal advice.  Defendants object to the cumulative and duplicative nature of the requested information. Lastly, Defendants object to the extent that the information requested is proprietary and/or confidential business information of S&L.

8.  State your net worth within 3 years of the filing of this complaint and describe in detail how it was computed. Please describe the nature and location of the documents upon which you base your answer.

    ANSWER:        Defendants object in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  This request exceeds the scope of permissible discovery.  Lastly, Defendants object to the cumulative and duplicative nature of the requested information.

9.  State the names and addresses of all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests. Please supplement your answer for any future discovery request.

    ANSWER:        Amanda Moreno, Attorney, (516)873-6600
                   333 Earle Ovington Blvd. Suite 302
                   Uniondale, New York 11553

10. Describe the legal and factual basis of your affirmative defenses in this case, including bona fide error. Describe the nature and location of the documents upon which you base your assertion and what is the name, title and contact information for the person or persons with knowledge of the legal and factual basis for your affirmative defenses, including bona fide error.

    ANSWER:        Defendants object to this interrogatory on the grounds that the request is so broad in scope and would impose an undue burden and expense on the Defendants. Defendants further object due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Lastly, Defendants object to the cumulative and duplicative nature of the requested information.

11. Specifically, do you contend that part of your bona fide error defense in this case the reliance on information or advice provided by Defendant Sharinn & Lipshie, P.C.? If so, what information or advice do you contend you relied upon, when and how was that information or advice transmitted, and what is the nature and location of the documents upon which reflect the information or advice provided.

    ANSWER:        Defendants object to this interrogatory on the grounds that the request is so broad in scope and would impose an undue burden and expense on the Defendants. Defendants further object due to the fact that the information sought is subject to the

attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Lastly, Defendants object to the cumulative and duplicative nature of the requested information.


                                        Respectfully submitted,


                                        _____
                                        Amanda J. Moreno
                                        Sharinn & Lipshie, P.C.
                                        333 Earle Ovington Blvd.
                                        Suite 302
                                        Uniondale, New York 11553
                                        Telephone 516-873-6600

                                        Attorney for Defendants
                                        Sharinn & Lipshie, P.C.
                                        Christopher Volpe
                                        Harvey Sharinn


## CERTIFICATE OF SERVICE


I hereby certify that on August 11, 2012, a true and correct copy of the foregoing was sent via email to all persons on the Service List set forth below.  I further certify that on August 13, 2012, a true and correct copy of the foregoing was sent regular mail to all persons on the Service List set forth below.


                                        _____
                                        Amanda J. Moreno
                                        Sharinn & Lipshie, P.C.
                                        333 Earle Ovington Blvd.
                                        Suite 302
                                        Uniondale, New York 11553
                                        Telephone 516-873-6600

Attorney for Defendants
Sharinn & Lipshie, P.C.
Christopher Volpe
Harvey Sharinn


**SERVICE LIST:**

Ahmed Keshavarz
Law Offices of Ahmad Keshavaraz
16 Court Street, 26th Floor
Brooklyn, New York 11241-1026
ahmad@newyorkconsumerattorney.com


Brian Bromberg
Bromberg Law Office, P.C.
40 Exchange Place
Suite 2010
New York, New York 10005
brian@brianbromberg.com


Nasoan Sheftel-Gomes, of counsel
Urban Justice Center
123 Williams Street, 16th Floor
New York, New York 10038
Nsheftel-gomes@urbanjustice.org


Kevin Evont Bowens
Barron & Newburger, P.C.
The Northgate
105 Garth Road 6G
Scarsdale, New York 10583
kbowens@bn-lawyers.com

# EXHIBIT C

Plaintiff's motion to compel S&L [DE 22], August 14, 2012.

# AHMAD KESHAVARZ

## *Attorney at Law*

16 COURT ST., 26TH FLOOR     WWW.NEWYORKCONSUMERATTORNEY.COM     PHONE: (718) 522-7900
BROOKLYN, NY 11241-1026     E-mail: ahmad@NewYorkConsumerAttorney.com     FAX: (877) 496-7809

August 14, 2012

Magistrate Judge Viktor V. Pohorelsky
225 Cadman Plaza East
Brooklyn, New York 11201

> <u>*Via ECF*</u>

> Re:    *Letter motion to compel Sharinn & Lipshie Defendants*

> **Case No. 1:12-cv-00587-DLI-VVP, Caroline Mayorga v. First Resolution Investment Corporation, Sharinn & Lipshie, P.C., Christopher Volpe, Ronald Lipshie, Harvey Sharinn, Angel Page, and John Does # 1 – 10, Eastern District of New York.**

Dear Judge Pohorelsky:

     The undersigned, with co-counsel, represents Plaintiff in this Fair Debt Collection Practices Act class action. The class action alleges that a debt buyer debt collector, First Resolution Investment Corporation ("FRIC"), filed and prosecuted thousands of time barred debt collection lawsuits. The class action is also against the law firm and the individual attorneys that FRIC used to collect these time barred debts, Sharinn & Lipshie, P.C., Christopher Volpe, Ronald Lipshie, and Harvey Sharinn, (collectively "S&L").

     This letter seeks to compel regarding two discovery disputes with S&L that have not been resolved despite repeated conferences with opposing counsel. The attempts to confer are described in the certificate of conference section below.

     1.  <u>Misrepresentations to the Court</u>. On May 22, 2012 the parties had an initial conference with Your Honor. The S&L Defendants, through its counsel Amanda Moreno, represented to the Court and to all counsel that, within 2 weeks, S&L would 1) produce its insurance policies and declaration sheets, and 2) would amend their initial disclosures to identify the specific individuals at S&L that have knowledge of relevant facts. A particular concern was identifying each debt collector and each debt collection attorney (particularly in management) involved the collection of these time-barred debts as they would be potential defendants currently identified as "John Does." A copy of the Rule 26 Initial Disclosures are attached as *Exhibit A*. S&L has not complied with its explicit representation to the Court after more than two months and after repeated requests to do so. Plaintiff also sought through motion practice (DE 15, July 15, 2012 and DE 17, August 6, 2012), and yet still S&L has not provided the information. Plaintiff seeks an order compelling S&L to do what it represented to the Court it would. At the prior conference

counsel for S&L

    2.   <u>Enforcing court's order and compelling past due discovery, objections to which have been waived by operation of law.</u>  Plaintiff served S&L interrogatories, requests for production, and requests for admission on May 31, 2012. Answers were due to be served no later than July 2, 2012. For a number of weeks, no discovery responses were served despite repeated correspondence to opposing counsel, and repeated telephone conversations with counsel for S&L where she indicated she would be answering on dates certain, but then failed to do so on any of the dates promised. (See certificate of conference).

    3.   On July 30, 2012 S&L served responses to the requests for admission, but do to its untimeliness, the admissions are deemed admitted by operation of law. Requests for admission are deemed by operation of law unless answered by operation of law, FRCP 36(a)(3), so no court action is required by plaintiff.

    4.   Plaintiff sought to compel discovery answers through motion practice (DE 15, July 15, 2012 and DE 17, August 6, 2012), and yet still S&L has did provide answers (or even objections).

    5.   At the August 9, 2012 conference, Ms. Moreno represented to the court that she would serve answers to interrogatories and requests for production that evening.

    6.   On August 9, 2012 the Court issued an Order [DE 20] that "defendant Sharinn & Lipshie will respond in writing to the plaintiff's interrogatories and document requests by August 10, 2012." The order also allowed Plaintiff to file a letter motion to compel if S&L's discovery answers were still deficient.

    7.   ***Despite a direct order from the court, S&L has still not responded in writing to Plaintiff's document production requests.***

    8.   On August 11, 2012, S&L served unverified "answers" to interrogatories that consisted of the same boilerplate objection to each request. *See* Exhibit B. ***S&L provide no substantive answers to any of the interrogatory requests that the court ordered S&L to answer.*** S&L has provided no privilege log.

    9.   Interrogatories and requests for production must be answered within 30 days or objections are waived. FRCP 34(b)(2)(A) ("The party to whom the request [to produce] is directed *must* respond in writing within 30 days after being served") (emphasis added); FRCP 33(b)(2) & (4) (interrogatories must be "within 30 days after being served… Any ground [for objection] not stated in a *timely* objection is waived unless the court, for good cause, excuses the failure."(emphasis added)

    10.  The caselaw as to waiver of objections not timely made is clear. As summarized recently in a SD NY decision, Cohalan v. Genie Indus., Inc., 276 F.R.D. 161, 166 (S.D.N.Y.2011):

> "A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available." <u>UBS International Inc. v. Itete Brasil Instalacoes Telefonicas Ltd., No</u>. 09 Civ. 4286, 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010) (<u>citing</u> <u>Smith v. Conway Organization, Inc</u>., 154 F.R.D. 73, 76 (S.D.N.Y.1994)); <u>see also</u> <u>Labarbera v. Absolute Trucking, Inc.</u>, No. 08 CV 4581, 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection

which may have been available."); Eldaghar v. City of New York Department of Citywide Administrative Services, No. 02 Civ. 9151, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests."). " 'Any other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.' " Eldaghar, 2003 WL 22455224, at *1 (alteration in original) (quoting Slauenwhite v. Bekum Maschinenfabriken, G.m.b.H., 35 Fed.R.Serv.2d (Callaghan) 975, 975 (D.Mass.1983)).

Cohalan v. Genie Indus., Inc., 276 F.R.D. 161, 166 (S.D.N.Y.2011).

    11.  Requests for admission are deemed by operation of law unless answered by operation of law, FRCP 36(a)(3), so no court action is required by plaintiff.

    12.  Plaintiff prays for the Court to rule the S&L has waived all objections to interrogatories and to requests for production, to order verified interrogatory answers to be served within 7 days, and to order S&L to fully produce documents demanded at its own cost within 7 days. Plaintiff opposes any attempt by S&L to "undeem" its admissions.

 Respectfully,

/s/
Ahmad Keshavarz

## CERTIFICATE OF CONFERENCE

    As to the issues through August 9, 2012, I certify that I attempted to resolve the matters raised by way of this letter without the necessity of court involvement, but those attempts failed. Specifically, I spoke with Amanda Moreno on July 5, 2012, July 6, 2012, and July 11, 2012. She indicated she would be providing the information she represented to the court she would provide within 2 weeks of the hearing (the insurance information and the amended initial disclosure information listing the persons at S&L involved in the collection of the time barred debts, including the former managing attorney), and at least partial interrogatory answers and document production answers. I also corresponded with Mr. Moreno on May 31, June 21, June 27, July 3, 2012 seeking to obtain the information she indicated to the court she would provide within two week, and on July 5, & 10 regarding the same and regarding the past due discovery answers. I also left some half dozen messages phone messages for Ms. Moreno.

    As to the issues after August 9, 2012 regarding the late served interrogatory answers and the still unserved responses to document production demands, Ms. Moreno indicated in open court she would be on vacation all this week, so the undersigned cannot speak with her by telephone regarding these matters. Upon receiving Ms. Moreno's email of the interrogatory answers, however, I replied to her email and asked where the document production answers were, but she never responded to that email.

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Defendants First Resolution Investment Corporation and Angel Page
        By and through their attorneys of record
        Kevin Evont Bowens
        Barron & Newburger, P.C.
        The Northgate
        105 Garth Road 6G
        Scarsdale, New York 10583
        Tel. 866-476-9103 ext. 235
        Fax: (512) 476-9253
        Email: kbowens@bn-lawyers.com

        Defendants Sharinn & Lipshie, P.C., Christopher Volpe, Ronald Lipshie and Harvey Sharinn
        By and through their attorneys of record
        Amanda J. Moreno, Esq.
        Sharinn & Lipshie, P.C.
        333 Earle Ovington Blvd, Suite 302
        Uniondale, NY 11556
        Phone : (516) 408-5000 ext. 180
        Fax : (516) 512-5450
        Email amoreno@collectthedebt.com

Dated:  Brooklyn, NY
       August 14, 2012
       /s/
       Ahmad Keshavarz
       Attorney for Plaintiff

**EXHIBIT A:**
**S&L's Initial Disclosure Answers**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
CAROLINE MAYORGA, ON BEHALF
OF HERSELF AND ALL OTHERS
SIMILARLY SITUATED,

               Plaintiff,

          v.

FIRST RESOLUTION INVESTMENT
CORPORATION, SHARINN & LIPSHIE,
P.C., CHRISTOPHER VOLPE, RONALD
LIPSHIE, HARVEY SHARINN, ANGEL
PAGE, JOHN DOES #1-10,

              Defendants.
------------------------------------------------------x

                                  **DEFENDANT'S FRCP 26(a)**
                                  **INITIAL DISCLOSURES**

       Defendants Sharinn & Lipshie, P.C., Christopher Volpe, and Harvey Sharinn, represented by attorney Amanda Moreno, make the following initial disclosures under the Federal Rules of Civil Procedure 26(a)(1). Defendants reserve the right to supplement these initial disclosures as necessary.

       (i): The name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

       <u>Response</u>:

       To date, The Defendant has identified the following individuals:

              a) Plaintiff Caroline Mayorga
              b) Employees of Sharinn & Lipshie, P.C.
              c) Employees of First Resolution Investment Corporation

       (ii): A copy of, or a description by category and location of, all documents, data, compilations, and tangible things that are in possession, custody, or control of the part and that the disclosing may use to support its claims or defenses unless solely for impeachment.
       <u>Response</u>:

All paperless notes pertaining to Plaintiff's file.
All pleadings pertaining to Plaintiff.
All letters and notices pertaining to Plaintiff.


(iii): A computation of any category of damage claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including material bearing on the nature and extent of injuries suffered.

Response:

The defendants seek costs and attorneys fees for defending this action. Time sheets and contemporaneous time records will be produced upon request.

(iv): For inspection and copying as under Rule 34 any insurance agreement under which any person carrying an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments to satisfy the judgment.

Response:

The Defendant objects to the production of such policies.


Dated: May 1, 2012


_____/s/_____

Amanda J. Moreno
Attorney for Defendants
Sharinn & Lipshie, P.C.
333 Earle Ovington Blvd.
Suite 302
Uniondale, New York 11553

**EXHIBIT B:**
**S&L's Interrogatory "answers"**
**(served 5 weeks late)**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Caroline Mayorga, on behalf of herself and all others similarly situated | ) ) ) | Case No. 1:12-cv-00587-DLI-VVP |
| Plaintiff, | ) ) ) | Judge Irizarry Magistrate Judge Pohorelsky |
| v. | ) ) | |
| First Resolution Investment Corporation, *et al.* Defendants. | ) ) ) | |

## RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendants Sharinn & Lipshie, P.C. (S&L), Christopher Volpe (CV), and Harvey Sharinn (HS), (collectively referred to hereinafter as "Defendants") hereby respond to Plaintiff's First Set of Interrogatories and state as follows:

1. State the number of individuals with addresses in New York State, and "identify" each such individuals who, within *one year* of the filing of this action:
   a. you sent or you had your agent send;
   b. a written communication (including pleading);
   c. had a pleading filed in connection with a lawsuit against them;
   d. seeking to collect a debt or sent in connection with the attempt to collect a debt;
   e. that was not returned by the postal service as undelivered;

   ANSWER:      Defendants object to this interrogatory on the grounds that the request is so broad in scope and would impose an undue burden and expense on the Defendants. Defendants further object in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Lastly, Defendants object due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.

2. For each of the individuals identified in Interrogatory 1, please "identify" for each individual:
   a. The putative original creditor;
   b. The "charge off" date from the putative original creditor;

    c.  The date of last payment to the putative original creditor;

    d.  The date each written communication was sent;

    e.  If the communication was sent in connection with a collection lawsuit, please state:

        i.  The style, index number, county of suit, and court of suit;

        ii.  The amount sought to be collected

        iii.  The date from which the complaint state it sought interest;

        iv.  The date of the entry of a default judgment, stipulation of settlement, or notice of discontinuance, if any.

    f.  For each written communication, please state which communication on which date was sent to the consumer or filed with the court; and

    g.  Please describe the nature and sum and substance of each communication.


ANSWER:     Defendants object to this interrogatory on the grounds that the request is so broad in scope and would impose an undue burden and expense on the Defendants. Defendants further object in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Lastly, Defendants object due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.

3. For each of the individuals identified in Interrogatory 1 or 2, please state for each individual:
   a. The date of each payment, the amount of each payment, and the total amount of payments;
   b. If a judgment was entered, please state the date of the judgment, the amount of the judgment, and the date from which the judgment stated interest was awarded;

ANSWER:        Defendants object to this interrogatory on the grounds that the request is so broad in scope and would impose an undue burden and expense on the Defendants. Defendants further object in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Additionally, Defendants object due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Lastly, Defendants object to the cumulative and duplicative nature of the requested information.

4. For each of the individuals identified in Interrogatory 1 or 2, please state:
   a. The date you contend the putative original creditor suffered the economic injury from the consumer;
   b. The basis for your assertion (e.g. the date of last payment to the putative original creditor); and
   c. The state of the principal place of business and the state of incorporation of the putative original creditor on the date of the putative creditor suffered the putative economic injury.

ANSWER:        Defendants object to this interrogatory on the grounds that the request is so broad in scope and would impose an undue burden and expense on the Defendants. Defendants further object in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Additionally, Defendants object due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Lastly, Defendants object to the cumulative and duplicative nature of the requested information.

5. Please answer interrogatories # 1 – 4 for the time period of *three years* prior to the filing of this action.

information and legal advice.  Defendants object to the cumulative and duplicative nature of the requested information. Lastly, Defendants object to the extent that the information requested is proprietary and/or confidential business information of S&L.

8. State your net worth within 3 years of the filing of this complaint and describe in detail how it was computed. Please describe the nature and location of the documents upon which you base your answer.

    ANSWER:        Defendants object in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. This request exceeds the scope of permissible discovery. Lastly, Defendants object to the cumulative and duplicative nature of the requested information.

9. State the names and addresses of all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests. Please supplement your answer for any future discovery request.

    ANSWER:        Amanda Moreno, Attorney, (516)873-6600
                   333 Earle Ovington Blvd. Suite 302
                   Uniondale, New York 11553

10. Describe the legal and factual basis of your affirmative defenses in this case, including bona fide error. Describe the nature and location of the documents upon which you base your assertion and what is the name, title and contact information for the person or persons with knowledge of the legal and factual basis for your affirmative defenses, including bona fide error.

    ANSWER:        Defendants object to this interrogatory on the grounds that the request is so broad in scope and would impose an undue burden and expense on the Defendants. Defendants further object due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Lastly, Defendants object to the cumulative and duplicative nature of the requested information.

11. Specifically, do you contend that part of your bona fide error defense in this case the reliance on information or advice provided by Defendant Sharinn & Lipshie, P.C.? If so, what information or advice do you contend you relied upon, when and how was that information or advice transmitted, and what is the nature and location of the documents upon which reflect the information or advice provided.

    ANSWER:        Defendants object to this interrogatory on the grounds that the request is so broad in scope and would impose an undue burden and expense on the Defendants. Defendants further object due to the fact that the information sought is subject to the

attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Lastly, Defendants object to the cumulative and duplicative nature of the requested information.

Respectfully submitted,

Amanda J. Moreno
Sharinn & Lipshie, P.C.
333 Earle Ovington Blvd.
Suite 302
Uniondale, New York 11553
Telephone 516-873-6600

Attorney for Defendants
Sharinn & Lipshie, P.C.
Christopher Volpe
Harvey Sharinn

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2012, a true and correct copy of the foregoing was sent via email to all persons on the Service List set forth below. I further certify that on August 13, 2012, a true and correct copy of the foregoing was sent regular mail to all persons on the Service List set forth below.

Amanda J. Moreno
Sharinn & Lipshie, P.C.
333 Earle Ovington Blvd.
Suite 302
Uniondale, New York 11553
Telephone 516-873-6600

Attorney for Defendants
Sharinn & Lipshie, P.C.
Christopher Volpe
Harvey Sharinn

**SERVICE LIST:**

Ahmed Keshavarz
Law Offices of Ahmad Keshavaraz
16 Court Street, 26th Floor
Brooklyn, New York 11241-1026
ahmad@newyorkconsumerattorney.com

Brian Bromberg
Bromberg Law Office, P.C.
40 Exchange Place
Suite 2010
New York, New York 10005
brian@brianbromberg.com

Nasoan Sheftel-Gomes, of counsel
Urban Justice Center
123 Williams Street, 16th Floor
New York, New York 10038
Nsheftel-gomes@urbanjustice.org

Kevin Evont Bowens
Barron & Newburger, P.C.
The Northgate
105 Garth Road 6G
Scarsdale, New York 10583
kbowens@bn-lawyers.com

# EXHIBIT D

S&L late document production answers, August 28, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| Caroline Mayorga, on behalf of herself and all others similarly situated | ) ) ) | Case No. 1:12-cv-00587-DLI-VVP |
| Plaintiff, | ) ) ) | Judge Irizarry Magistrate Judge Pohorelsky |
| v. | ) ) | |
| First Resolution Investment Corporation, et al. Defendants. | ) ) ) | |

## RESPONSE TO PLAINTIFF'S REQUEST FOR DOCUMENTS

Defendants Sharinn & Lipshie, P.C. (S&L), Christopher Volpe (CV), and Harvey Sharinn (HS), (collectively referred to hereinafter as "Defendants") hereby respond to Plaintiff's Request for Documents and state as follows:

1.  The documents upon which you base your answers to the above interrogatories.

    **RESPONSE**:  Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that the request is duplicative of other discovery requested in this case.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

2.  The documents you reference in your answers to the above interrogatories.

    **RESPONSE**:  Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that the request is duplicative of other discovery requested in this case.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

3.  The documents you sent to class members, either directly or through your agent.

    **RESPONSE:** Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that the request is duplicative of other discovery requested in this case.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

4.  All complaints, pleadings, discovery, motions, correspondence, collection letters, or other documents sent to the individuals identified or referenced in response to these Interrogatories.

**RESPONSE**:  Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that the request is duplicative of other discovery requested in this case.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

5. The documents you filed in court regarding class members, either directly or through your agent.

    **RESPONSE:** Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that the request is duplicative of other discovery requested in this case.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

6. The documents you received from class members, either directly or through your agent.

    **RESPONSE**: Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that the request is duplicative of other discovery requested in this case.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

7. The documents between Defendants reflecting communications regarding class members or the putative debts owed by class members.

    **RESPONSE:** Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that

they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that the request is duplicative of other discovery requested in this case. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

8. The collection notes or account notes regarding class members or the debts alleged to be owed by class members.

    **RESPONSE:** Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that the request is duplicative of other discovery requested in this case. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

9. The documents you sent to the individuals identified in interrogatories, either directly or through your agent.

    **RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that the request is duplicative of other discovery requested in this case. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

10. The documents you filed in court regarding class members, either directly or through your agent.

    **RESPONSE:** Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of

admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that the request is duplicative of other discovery requested in this case.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

11. The documents you received from class members, either directly or through your agent.

**RESPONSE:** Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that the request is duplicative of other discovery requested in this case.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

12. The documents between Defendants reflecting communications regarding class members or the putative debts owed by class members.

**RESPONSE:** Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that the request is duplicative of other discovery requested in this case.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

13. The collection notes or account notes regarding class members or the debts alleged to be owed by class members.

**RESPONSE:** Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that the

request is duplicative of other discovery requested in this case. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

14. The documents upon which you base any answer to a request for admission that is not an unequivocal admission.

**RESPONSE:** Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that the request is duplicative of other discovery requested in this case. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

15. Please provide the complete chain of title Chase Bank USA, N.A. to FRIC regarding the debt sought to be collected from Ms. Mayorga.

**RESPONSE:**  Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects to producing documents not within their control.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

16. Please provide the complete chain of title Chase Bank USA, N.A. to FRIC regarding the debt sought to be collected from class members.

**RESPONSE:** Defendant objects to the request given that Defendant believes no class exists. Defendant objects to the Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects to producing documents not within their control.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

17. For each individual identified in response to these Interrogatories for whom you assert that the claimed debt was anything other than a consumer debt, produce all documents, including

electronically stored information, which was furnished to you by the original creditor concerning the nature of the account and the amount of the debt.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that the request is duplicative of other discovery requested in this case. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

18. Your insurance policy referenced in your initial disclosures.

   **RESPONSE:** Please see Exhibit A.

19. Any insurance policies that may cover the claims brought by way of this suit, regardless if you have forwarded this claim to your insurance carrier.

**RESPONSE:** Defendant objects to the duplicative nature of the request.

20. The documents you reference in your initial disclosures.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that the request is duplicative of other discovery requested in this case. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

21. For each individual identified in response to Plaintiff's Interrogatories for whom you assert that the claimed debt was anything other than a consumer debt, produce all documents, including electronically stored information, which was furnished to you by the original creditor concerning the nature of the account and the amount of the debt.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that the request is duplicative of other discovery requested in this case. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

22. Copies of all agreements or contracts (including any collection agreements, servicing or subservicing agreements, retainer agreements, sales or assignment agreements, or partnership agreements) between you and the other Defendants (or the servicers of the other Defendants) in effect from January 1, 2008 to present that govern or relate to the debts sought to be collected from class members.

**RESPONSE:** Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject

to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that the request is duplicative of other discovery requested in this case. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

23. Produce copies of all agreements or contracts (including any collection agreements, retainer, servicing or subservicing agreements, retainer agreements, sales or assignment agreements, or partnership agreements) between you, co-Defendants, First Resolution Management Corporation, or any third-party that governs or relates to the collection of the putative debts from class members from January 1, 2008 to present.

**RESPONSE:** Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that the request is duplicative of other discovery requested in this case. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

24. Documents upon which you base your calculation of attorney's fees in the collections lawsuit against class members.

**RESPONSE:** Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

25. Produce all tax returns, including applicable schedules, for the three years prior to the filing of this lawsuit.

**RESPONSE:** Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible

evidence. Defendant objects due to the fact that the information sought is subject to attorney-client privilege.

26. Produce all account statements from three years prior to the filing of this lawsuit to the present for all assets and liabilities identified in the interrogatories.

   **RESPONSE:** Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to attorney-client privilege. Defendant objects to this request on the grounds that it is overbroad in scope and would impose undue burden on the Defendants. Defendant objects in that the information sought is duplicative in nature.

27. Produce a copy of all applications for credit submitted by you on or after the date three years prior to the filing of this action, including any financial statements submitted.

   **RESPONSE:** Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds that it is overbroad in scope and would impose undue burden on the Defendants. Defendant objects in that the information sought is duplicative in nature.

28. Produce copies of all statements of assets or other financial statements submitted by you on or after January 1, 2010 to any creditor, auditor, accountant, client, the Securities and Exchange Commission, or to any entity that may have been engaged in discussions with you concerning a merger, acquisition, or purchase or sale of assets.

   **RESPONSE:** Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to attorney-client privilege. Defendant objects to this request on the grounds that it is overbroad in scope and would impose undue burden on the Defendants. Defendant objects in that the information sought is duplicative in nature.

29. The first written communication you sent Plaintiff and to class members.

   **RESPONSE:** Defendant objects to this request given that the Defendant believes no class

exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

30. The first written communication that was sent on your behalf to Plaintiff or to class members.

**RESPONSE:** Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

31. All documents you contend you sent to Plaintiff or class members, either directly or through co-Defendant.

**RESPONSE:** Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

32. The documents that reflect communications between Defendants regarding Plaintiff or regarding the debt that formed the basis of the underlying lawsuit.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and

extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

33. The contracts that reflect who owned title to the alleged debt and who was the servicer for the debts alleged to be owed by class members,

**RESPONSE:** Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

34. The contracts that delineated the relationship between co-Defendants regarding the debts sought to be collected from class members.

**RESPONSE:** Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

35. Documents reflecting calls you made to Plaintiff.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

36. A document reflecting the name of the vendor, if any, you contend sent Plaintiff or any class member any document on your behalf regarding the debts they were alleged to owe.

**RESPONSE:** Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

37. Any joint defense agreement with any other party to this suit.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the

discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

38. Any demands for indemnification or contribution between the Defendants in this case.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

39. Your "collection notes" or "account notes" regarding Plaintiff, class members, the debts alleged to be owed by class members, or collection lawsuits against class members.

**RESPONSE:** Defendant objects to this request given that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

40. Please produce the documents upon which you base any and each of the denials stated in your Original Answer.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

41. Documents reflecting communications you received from or provided to co-Defendant prior to the date of this federal lawsuit regarding Plaintiff or the alleged debt.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

42. Please produce the retainer and all billing records for attorney's fees and costs incurred in the underlying action and in the other attempts to collect the alleged debt.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

43. Please produce the retainer and all billing records for attorney's fees and costs incurred in this lawsuit.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

44. Please produce the documents upon which you relied or referred in answering these discovery requests or in filing your answer.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks

information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

45. Any document you sent to or received from any credit-reporting agency regarding Plaintiff.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

46. If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

47. The documents that show to whom the alleged debt has ever been assigned or sent for servicing or collection.

**RESPONSE:**  Defendant objects to this request on the grounds that they cannot produce documents outside their control.

48. The documents you contend bear the signature of Plaintiff.

**RESPONSE:**  Defendant objects in that Defendant never contended to have documents containing Plaintiff's signature. Defendant objects to this request on the grounds that they cannot produce documents outside their control or not in their possession.

49. The credit application for the debt in the underlying action.

   **RESPONSE:**  Defendant objects to this request on the grounds that they cannot produce documents outside their control or not in their possession.

50. The statements allegedly issued to Plaintiff by the alleged original creditor.

   **RESPONSE:**  Defendant objects to this request on the grounds that they cannot produce documents outside their control or not in their possession.

51. The documents that you assert supports your contention of the amount due in the underlying action and in documents, if any, you sent to Plaintiff.

   **RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

52. The documents upon which you base any affirmative defenses, if any.

   **RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

53. The documents used or referred to in responding to Plaintiff's discovery requests.

   **RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant

objects in that this request calls for documents which are subject to the attorney work product doctrine.

54. Every document that you relied on or consulted in preparing your pleadings in the underlying action or in your responses to these discovery requests.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

55. Every document used, relied on or created by every testifying expert witness

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

56. Every document that you intend to use or introduce into evidence at the trial of this case.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

57. All documents you contend you and any prior or subsequent assignee of the alleged debt sent to Plaintiff.

   **RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

58. The front and backsides of any payment (e.g. check) you assert Plaintiff made on the alleged debt in the last 48 months.

   **RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

59. All audio recordings of Plaintiff, agents, family members or counsel for Plaintiff, or recordings concerning Plaintiff.

   **RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

60. All documents upon which you base any statement in your answer that is other than an unequivocal admission.

   **RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks

information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

61. All documents upon which you base your assertion of bona fide error, including all training manuals, policy manuals and evaluations.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

62. The manuals for the collections software you used regarding the alleged debt, particularly as reflected in the case notes, dunning letters and pleadings you have produced.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

63. The manuals for the software used to transfer the information regarding plaintiff and/or the alleged debt between you and any other defendant in this case, to any credit reporting agency, or to any other third party.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant

objects in that this request calls for documents which are subject to the attorney work product doctrine.

64. Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of your employees in any and all of the following areas:

    (a)    Collection policies;

    (b)    Collection procedures;

    (c)    Collection methods;

    (d)    Collection techniques;

    (e)    Collection tactics;

    (f)    Collection rules;

    (g)    Collection regulations; and

    (h)    Compliance with local, state, or federal laws, codes, or regulations.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

65. Any and all training, personnel, or other instruction manuals used by any and all personnel who are employed by or supervised by you or by co-Defendant that engage in the collection of alleged debts to you or to co-Defendant.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

66. Any and all collection software and/or hardware manuals and/or instruction guides for each and every telephone system, computer system, software package, software system, hardware package, hardware system, electronic device, or non-electronic device used in any manner by

you in collecting debts.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

67. Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which you have been named as a witness or a party, that have existed or been brought with respect to or involving any Defendant, and which involved as all or part of their subject matter debt collection activities and for a period of three (3) years before the date of this request to the present.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

68. A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced by you.

   **RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

69. All documents constituting, reflecting, referring or relating to communications between class members and Defendants.

   **RESPONSE:** Defendant objects in that the Defendant believes no class exists. Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

70. All material, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding the Fair Debt Collection Practices Act.

   **RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

71. Copies of any complaints and dockets of any litigation filed against the Defendant alleging violations of the Fair Debt Collection Practices Act in the past 5 years.

   **RESPONSE:** Defendant objects to this request on the grounds that it is so vague and

ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

72. Copies of any complaints and dockets of any litigation filed against the Defendant alleging violations of the Fair Debt Collection Practices Act in the past 5 years.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

73. The employment file, job application, job description, and documents reflecting training, supervision and discipline for every employee or person within your control whose name is indicated in your document production, even if said person is referred to only by abbreviation.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice.  Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants.  Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

74. A list of all employees engaged in the collection of consumer debts, their positions and responsibilities.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence.  Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and

extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

75. All documents relating to the maintenance of procedures by the Defendant designed or intended to avoid violation of the Fair Debt Collection Practices Act.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

76. Copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

77. Statements of any party to this suit related to the collection of the account from Plaintiff, the facts alleged in the complaint, or any defense to this action.

**RESPONSE:** Defendant objects to this request on the grounds that it is so vague and ambiguous that they cannot provide a response. Defendant objects in that the request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Defendant objects due to the fact that the information sought is subject to the attorney-client privilege and that privilege is broadly construed, and extends to factual information and legal advice. Defendant objects on the grounds that the request is overbroad in scope and would impose an undue burden on Defendants. Defendant objects in that this request calls for documents which are subject to the attorney work product doctrine.

Respectfully submitted,

_____

Amanda J. Moreno
Sharinn & Lipshie, P.C.
333 Earle Ovington Blvd.
Suite 302
Uniondale, New York 11553
Telephone 516-873-6600

Attorney for Defendants
Sharinn & Lipshie, P.C.
Christopher Volpe
Harvey Sharinn

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2012, a true and correct copy of the foregoing was sent via email to all persons on the Service List set forth below.  I further certify that on August 13, 2012, a true and correct copy of the foregoing was sent regular mail to all persons on the Service List set forth below.

_____

Amanda J. Moreno
Sharinn & Lipshie, P.C.
333 Earle Ovington Blvd.
Suite 302
Uniondale, New York 11553
Telephone 516-873-6600

Attorney for Defendants
Sharinn & Lipshie, P.C.
Christopher Volpe
Harvey Sharinn

**SERVICE LIST:**

Ahmed Keshavarz
Law Offices of Ahmad Keshavaraz
16 Court Street, 26th Floor
Brooklyn, New York 11241-1026
ahmad@newyorkconsumerattorney.com


Brian Bromberg
Bromberg Law Office, P.C.
40 Exchange Place
Suite 2010
New York, New York 10005
brian@brianbromberg.com


Nasoan Sheftel-Gomes, of counsel
Urban Justice Center
123 Williams Street, 16th Floor
New York, New York 10038
Nsheftel-gomes@urbanjustice.org


Kevin Evont Bowens
Barron & Newburger, P.C.
The Northgate
105 Garth Road 6G
Scarsdale, New York 10583
kbowens@bn-lawyers.com