# SHARINN & LIPSHIE, P.C.
## ATTORNEYS AT LAW

"THE OMNI"
333 EARLE OVINGTON BLVD • SUITE 302 • UNIONDALE, NY 11553
OUTSIDE OF NEW YORK STATE 1-866-691-4467
516-873-6600 • FAX 516-873-6880

**VIA ECF**

March 25, 2013

Hon. Viktor V. Pohorelsky
Magistrate Judge
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   Electronic Discovery Burden to Defendant's Sharinn & Lipshie, P.C., Harvey Sharinn, and Christopher Volpe
      Case No. 1:12-cv-00587-DLI-VVP, Caroline Mayorga V. First Resolution Investment Corporation, et al.

Dear Judge Pohorelsky:

As you know, I am the attorney representing Sharinn & Lipshie, P.C., Harvey Sharinn, and Christopher Volpe in the above referenced matter.  Pursuant to Your Honor's Order, dated March 15, 2013, the above referenced Defendant's submit this letter to the Court regarding the burdensomeness of providing electronic discovery to the Plaintiff.  To be perfectly clear, the Defendant's are not requesting they be excused from providing Plaintiff the requested electronic documentation, they only request that the Court narrow the scope of the requested electronic documentation and allow the Defendant's the necessary time to submit said request.

On January 28, 2013, I emailed Plaintiff regarding the burdensomeness of providing the

electronic requested discovery. ( Please see D.I. 69) I explained the time frame involved in printing each file and attached two electronic files, the only Sharinn & Lipshie, P.C. files that fell within the 1 year requirement contained in Plaintiff's discovery requests, and asked Plaintiff to review the attached "screen shots" for each file as I felt much of the information provided in the screen shots was duplicative and therefore unnecessary. I did not receive a response from Plaintiff. At that point in time, all parties were to appear before Your Honor on February 19, 2013 and I thought we could discuss the burdensomeness of Plaintiff's requests at that time. In retrospect, given that the court date was adjourned for a month and given that Plaintiff's counsel has never been helpful nor does he desire to resolve conflicts with Defendants without court intervention, I should have notified the Court of the difficulties and time involved in producing the requests and asked for the Court guidance sooner.
That being said, I did produce two complete files and all the requested insurance information. It is worth noting that rather than answer my email from January 28, 2013 requesting guidance, Plaintiff's counsel waited until March 11, 2013 to file yet another letter request to the Court regarding possible sanctions and contempt against Defendants regarding discovery. This Court has **REPEADADLY** admonished the parties for their failure to resolve their issues prior to requesting Court intervention. This is not the first, nor the second time that Mr. Keshavaraz has disregarded the Court's directive. At this point, Defendants feel that Mr. Keshavaraz should be sanctioned for his willful and blatant disregard for the Court's position regarding unnecessary motion practice. Up until this point, I have graciously extended every courtesy to Mr. Keshavaraz. He requested numerous extensions regarding our motions before the Court, and I obliged. I can no longer be gracious and courteous to Mr. Keshavaraz and I apologize in advance to the Court.

    In response to Your Honor's Order, attached is an affidavit from Michael Cunningham. Mr. Cunningham is the IT Manager at Sharinn & Lipshie, P.C. I have also provided copies of the "screen shots" and "paperless notes" referenced throughout Mr. Cunningham's affidavit and this letter. The

attachments are from a test file used by Sharinn & Lipshie, P.C. to train new employees. As you can see, the screen shots contain much of the same information throughout each shot and/or contain information outside the scope of discovery. The printing of each screen shot takes on average 8 – 9 minutes and requires that I relocate to Mr. Cunningham's computer or sign into my computer using Mr. Cunningham's login and password – which would then block Mr. Cunningham from his desktop because as a security measure an employee's desktop cannot be logged into by more than one person. Additionally, I have also provided a copy of Sharinn & Lipshie, P.C.'s paperless file for Mickey Mouse. (Mickey Mouse is the name of the debtor in Sharinn & Lipshie, P.C.'s test file) I have highlighted the word "Scan" on the left hand side of the paper. Any document that is produced by or received by Sharinn & Lipshie, P.C. is scanned into the appropriate file. After the document is scanned manually, a description of the item is typed into the file. In order to print the scan, each page has to be viewed on the screen and then printed separately.

After all the documentation is printed, the documents still need to reviewed for redaction. All client information needs to be redacted and communications between Sharinn & Lipshie, P.C. and their clients also needs to be redacted. In addition, all Defendants have requested that the Court limit the scope of the personal information provided to Plaintiff regarding the alleged potential class members.

Thank you in advance for your time and consideration.

Yours truly,

Amanda J. Moreno