# BN

**BARRON & NEWBURGER, PC**

**Manuel H. Newburger**

Board Certified in Consumer and Commercial
Law by the Texas Board of Legal Specialization
Licensed in Texas and Colorado

Tel. 512-476-9103  Ext. 216  |  E-Mail: mnewburger@bn-lawyers.com

April 17, 2013

Hon. Viktor V. Pohorelsky                                    **Via ECF**
Magistrate Judge. EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Caroline Mayorga, on behalf of herself and all others similarly situated v.*
      *First Resolution Investment Corporation., et al.*; Case No. 1:12-cv-00587-
      DLI-VVP in the United States District Court for the Eastern District of
      New York

Dear Judge Pohorelsky:

You asked about the status of the *Genesis Healthcare* case at the last hearing..
The United States Supreme Court has issued its opinion in that case.  A copy
is attached.

I will not comment on the decision unless the Court invites further briefing.

Thank you for your consideration of this matter.

                        Yours truly,

                        BARRON & NEWBURGER, P.C.

                        **/s/ Manuel H. Newburger**

                        Manuel H. Newburger

MHN/n

cc:   Mr. Ahmad Keshavarz
      Mr. Brian Bromberg
      Ms. Nasoan Sheftel-Gomes
      Ms. Amanda Moreno
      Mr. Jonathan Greystone

(Slip Opinion)          OCTOBER TERM, 2012                    1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## GENESIS HEALTHCARE CORP. ET AL. *v.* SYMCZYK

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 11–1059.  Argued December 3, 2012—Decided April 16, 2013

Respondent brought a collective action under the Fair Labor Standards Act of 1938 (FLSA) on behalf of herself and "other employees similarly situated." 29 U. S. C. §216(b).  After she ignored petitioners' offer of judgment under Federal Rule of Civil Procedure 68, the District Court, finding that no other individuals had joined her suit and that the Rule 68 offer fully satisfied her claim, concluded that respondent's suit was moot and dismissed it for lack of subject-matter jurisdiction.  The Third Circuit reversed.  It held that respondent's individual claim was moot but that her collective action was not, explaining that allowing defendants to "pick off" named plaintiffs before certification with calculated Rule 68 offers would frustrate the goals of collective actions.  The case was remanded to the District Court to allow respondent to seek "conditional certification," which, if successful, would relate back to the date of her complaint.

*Held*: Because respondent had no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness, her suit was appropriately dismissed for lack of subject-matter jurisdiction. Pp. 3–12.

   (a) While the Courts of Appeals disagree whether an unaccepted Rule 68 offer that fully satisfies a plaintiff's individual claim is sufficient to render that claim moot, respondent conceded the issue below and did not properly raise it here.  Thus, this Court assumes, without deciding, that petitioners' offer mooted her individual claim. Pp. 3–5.

   (b) Well-settled mootness principles control the outcome of this case.  After respondent's individual claim became moot, the suit became moot because she had no personal interest in representing others in the action.  To avoid that outcome, respondent relies on cases that arose in the context of Rule 23 class actions, but they are inap-

Syllabus

posite, both because Rule 23 actions are fundamentally different from FLSA collective actions and because the cases are inapplicable to the facts here. Pp. 5–11.

(1) Neither *Sosna* v. *Iowa*, 419 U. S. 393, nor *United States Parole Comm'n* v. *Geraghty*, 445 U. S. 388, support respondent's position. *Geraghty* extended the principles of *Sosna*—which held that a class action is not rendered moot when the named plaintiff's individual claim becomes moot *after* the class has been duly certified—to *denials* of class certification motions; and it provided that, where an action would have acquired independent legal status but for the district court's erroneous denial of class certification, a corrected ruling on appeal "relates back" to the time of the erroneous denial. 445 U. S., at 404, and n. 11. However, *Geraghty's* holding was explicitly limited to cases in which the named plaintiff's claim remains live at the time the district court denies class certification. See *id., at* 407, n. 11. Here, respondent had not yet moved for "conditional certification" when her claim became moot, nor had the District Court anticipatorily ruled on any such request. She thus has no certification decision to which her claim could have related back. More fundamentally, essential to *Sosna* and *Geraghty* was the fact that a putative class acquires an independent legal status once it is certified under Rule 23. By contrast, under the FLSA, "conditional certification" does not produce a class with an independent legal status, or join additional parties to the action. Pp. 7–8.

(2) A line of cases holding that an "inherently transitory" class-action claim is not necessarily moot upon the termination of the named plaintiff's claim, see, *e.g., County of Riverside* v. *McLaughlin*, 500 U. S. 44, 52, is similarly inapplicable. Respondent argues that a defendant's use of Rule 68 offers to "pick off" a named plaintiff before the collective-action process is complete renders the action "inherently transitory." But this rationale was developed to address circumstances in which the challenged conduct was effectively unreviewable because no plaintiff possessed a personal stake in the suit long enough for litigation to run its course, and it has invariably focused on the fleeting nature of the challenged conduct giving rise to the claim, not on the defendant's litigation strategy. Unlike a claim for injunctive relief, a damages claim cannot evade review, nor can an offer of full settlement insulate such a claim from review. Putative plaintiffs may be foreclosed from vindicating their rights in respondent's suit, but they remain free to do so in their own suits. Pp. 8–10.

(3) Finally, *Deposit Guaranty Nat. Bank* v. *Roper*, 445 U. S. 326, does not support respondent's claim that the purposes served by the FLSA's collective-action provisions would be frustrated by defendants' use of Rule 68 to "pick off" named plaintiffs before the collective-

Syllabus

action process has run its course.  In *Roper*, where the named plaintiffs' individual claims became moot after the District Court denied their Rule 23 class certification motion and entered judgment in their favor based on defendant's offer of judgment, this Court found that the named plaintiffs could appeal the denial of certification because they possessed an ongoing, personal economic stake in the substantive controversy, namely, to shift a portion of attorney's fees and expenses to successful class litigants.  Here, respondent conceded that petitioners' offer provided complete relief, and she asserted no continuing economic interest in shifting attorney's fees and costs.  Moreover, *Roper* was tethered to the unique significance of Rule 23 class certification decisions.  Pp. 10–11.

656 F. 3d 189, reversed.

THOMAS, J., delivered the opinion of the Court, in which ROBERTS, C. J., and SCALIA, KENNEDY, and ALITO, JJ., joined.  KAGAN, J., filed a dissenting opinion, in which GINSBURG, BREYER, and SOTOMAYOR, JJ., joined.

Cite as: 569 U. S. ____ (2013)          1

Opinion of the Court

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

No. 11–1059

_____

## GENESIS HEALTHCARE CORPORATION, ET AL., PETITIONERS *v.* LAURA SYMCZYK

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

[April 16, 2013]

JUSTICE THOMAS delivered the opinion of the Court.

The Fair Labor Standards Act of 1938 (FLSA), 29 U. S. C. §201 *et seq.*, provides that an employee may bring an action to recover damages for specified violations of the Act on behalf of himself and other "similarly situated" employees. We granted certiorari to resolve whether such a case is justiciable when the lone plaintiff's individual claim becomes moot. 567 U. S. ___ (2012). We hold that it is not justiciable.

I

The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract. Section 16(b) of the FLSA, 52 Stat. 1060, as amended, 29 U. S. C. §216(b), gives employees the right to bring a private cause of action on their own behalf and on behalf of "other employees similarly situated" for specified violations of the FLSA. A suit brought on behalf of other employees is known as a "collective action." See *Hoffmann-La Roche Inc.* v. *Sperling*, 493 U. S. 165, 169–170 (1989).

In 2009, respondent, who was formerly employed by

petitioners as a registered nurse at Pennypack Center in Philadelphia, Pennsylvania, filed a complaint on behalf of herself and "all other persons similarly situated." App. 115–116. Respondent alleged that petitioners violated the FLSA by automatically deducting 30 minutes of time worked per shift for meal breaks for certain employees, even when the employees performed compensable work during those breaks. Respondent, who remained the sole plaintiff throughout these proceedings, sought statutory damages for the alleged violations.

When petitioners answered the complaint, they simultaneously served upon respondent an offer of judgment under Federal Rule of Civil Procedure 68. The offer included $7,500 for alleged unpaid wages, in addition to "such reasonable attorneys' fees, costs, and expenses . . . as the Court may determine." *Id.,* at 77. Petitioners stipulated that if respondent did not accept the offer within 10 days after service, the offer would be deemed withdrawn.

After respondent failed to respond in the allotted time period, petitioners filed a motion to dismiss for lack of subject-matter jurisdiction. Petitioners argued that because they offered respondent complete relief on her individual damages claim, she no longer possessed a personal stake in the outcome of the suit, rendering the action moot. Respondent objected, arguing that petitioners were inappropriately attempting to "pick off" the named plaintiff before the collective-action process could unfold. *Id.,* at 91.

The District Court found that it was undisputed that no other individuals had joined respondent's suit and that the Rule 68 offer of judgment fully satisfied her individual claim. It concluded that petitioners' Rule 68 offer of judgment mooted respondent's suit, which it dismissed for lack of subject-matter jurisdiction.

The Court of Appeals reversed. 656 F. 3d 189 (CA3

2011). The court agreed that no other potential plaintiff had opted into the suit, that petitioners' offer fully satisfied respondent's individual claim, and that, under its precedents, whether or not such an offer is accepted, it generally moots a plaintiff's claim. *Id.,* at 195. But the court nevertheless held that respondent's collective action was not moot. It explained that calculated attempts by some defendants to "pick off" named plaintiffs with strategic Rule 68 offers before certification could short circuit the process, and, thereby, frustrate the goals of collective actions. *Id.,* at 196–198. The court determined that the case must be remanded in order to allow respondent to seek "conditional certification"[1] in the District Court. If respondent were successful, the District Court was to relate the certification motion back to the date on which respondent filed her complaint.[2] *Ibid.*

## II

Article III, §2, of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies," which

_____

[1] Lower courts have borrowed class-action terminology to describe the process of joining co-plaintiffs under 29 U. S. C. §216(b). While we do not express an opinion on the propriety of this use of class-action nomenclature, we do note that there are significant differences between certification under Federal Rule of Civil Procedure 23 and the joinder process under §216(b).

[2] The "relation back" doctrine was developed in the context of class actions under Rule 23 to address the circumstance in which a named plaintiff's claim becomes moot prior to certification of the class. This case raises two circumstances in which the Court has applied this doctrine. First, where a named plaintiff's claim is "inherently transitory," and becomes moot prior to certification, a motion for certification may "relate back" to the filing of the complaint. See, *e.g., County of Riverside* v. *McLaughlin,* 500 U. S. 44, 51–52 (1991). Second, we have held that where a certification motion is denied and a named plaintiff's claim subsequently becomes moot, an appellate reversal of the certification decision may relate back to the time of the denial. See *United States Parole Comm'n* v. *Geraghty,* 445 U. S. 388, 404 (1980).

restricts the authority of federal courts to resolving "'the legal rights of litigants in actual controversies,'" *Valley Forge Christian College* v. *Americans United for Separation of Church and State, Inc.*, 454 U. S. 464, 471 (1982) (quoting *Liverpool, New York & Philadelphia S. S. Co.* v. *Commissioners of Emigration*, 113 U. S. 33, 39 (1885)).  In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or "'personal stake,'" in the outcome of the action.  See *Camreta* v. *Greene*, 563 U. S. ___, ___ (2011) (slip op., at 5) (quoting *Summers* v. *Earth Island Institute*, 555 U. S. 488, 493 (2009)).  This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved.

A corollary to this case-or-controversy requirement is that "'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English* v. *Arizona*, 520 U. S. 43, 67 (1997) (quoting *Preiser* v. *Newkirk*, 422 U. S. 395, 401 (1975)).  If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during litigation, the action can no longer proceed and must be dismissed as moot.  *Lewis* v. *Continental Bank Corp.*, 494 U. S. 472, 477–478 (1990) (internal quotation marks omitted).

In the proceedings below, both courts concluded that petitioners' Rule 68 offer afforded respondent complete relief on—and thus mooted—her FLSA claim.  See 656 F. 3d, at 201; No. 09–5782, 2010 WL 2038676, *4 (ED Pa., May 19, 2010).  Respondent now contends that these rulings were erroneous, because petitioners' Rule 68 offer lapsed without entry of judgment.  Brief for Respondent 12–16.  The United States, as *amicus curiae*, similarly urges the Court to hold that petitioners' unaccepted offer

did not moot her FLSA claim and to affirm the Court of Appeals on this basis. Brief for United States 10–15.

While the Courts of Appeals disagree whether an un-accepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot,[3] we do not reach this question, or resolve the split, because the issue is not properly before us. The Third Circuit clearly held in this case that respondent's individual claim was moot. 656 F. 3d, at 201. Acceptance of respondent's argument to the contrary now would alter the Court of Appeals' judgment, which is impermissible in the absence of a cross-petition from respondent. See *Northwest Airlines, Inc.* v. *County of Kent*, 510 U. S. 355, 364 (1994); *Trans World Airlines, Inc.* v. *Thurston*, 469 U. S. 111, 119, n. 14 (1985). Moreover, even if the cross-petition rule did not apply, respondent's waiver of the issue would still prevent us reaching it. In the District Court, respondent conceded that "[a]n offer of complete relief will generally moot the [plaintiff's] claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation." App. 93; 2010 WL 2038676, at *4. Respondent made a similar concession in her brief to the Court of Appeals, see App. 193, and failed to raise the argument in her brief in opposition to the petition for certiorari. We, therefore, assume, without deciding, that petitioners' Rule 68 offer mooted respondent's individual claim. See *Baldwin* v. *Reese*, 541 U. S. 27, 34 (2004).

### III

We turn, then, to the question whether respondent's action remained justiciable based on the collective-action allegations in her complaint. A straightforward application of well-settled mootness principles compels our an-

---

[3]Compare, *e.g., Weiss* v. *Regal Collections*, 385 F. 3d 337, 340 (CA3 2004), with *McCauley* v. *Trans Union, LLC*, 402 F. 3d 340, 342 (CA2 2005).

swer.  In the absence of any claimant's opting in, respond-
ent's suit became moot when her individual claim became
moot, because she lacked any personal interest in repre-
senting others in this action.  While the FLSA authorizes
an aggrieved employee to bring an action on behalf of
himself and "other employees similarly situated," 29
U. S. C. §216(b), the mere presence of collective-action
allegations in the complaint cannot save the suit from
mootness once the individual claim is satisfied.[4]  In  order
to avoid this outcome, respondent relies almost entirely
upon cases that arose in the context of Federal Rule of
Civil Procedure 23 class actions, particularly *United
States Parole Comm'n* v. *Geraghty*, 445 U. S. 388 (1980);
*Deposit Guaranty Nat. Bank* v. *Roper*, 445 U. S. 326
(1980); and *Sosna* v. *Iowa*, 419 U. S. 393 (1975).  But these
cases are inapposite, both because Rule 23 actions are
fundamentally different from collective actions under the
FLSA, see *Hoffmann-La Roche Inc.*, 493 U. S., at 177–178
(SCALIA, J., dissenting), and because these cases are, by
their own terms, inapplicable to these facts.  It follows
that this action was appropriately dismissed as moot.

——————

[4]While we do not resolve the question whether a Rule 68 offer that
fully satisfies the plaintiff's claims is sufficient by itself to moot the
action, *supra*, at 5, we note that Courts of Appeals on both sides of that
issue have recognized that a plaintiff's claim may be satisfied even
without the plaintiff's consent.  Some courts maintain that an unac-
cepted offer of complete relief alone is sufficient to moot the individual's
claim.  *E.g., Weiss, supra*, at 340; *Greisz* v. *Household Bank (Ill.), N. A.*,
176 F. 3d 1012, 1015 (CA7 1999).  Other courts have held that, in the
face of an unaccepted offer of complete relief, district courts may "enter
judgment in favor of the plaintiffs in accordance with the defendants'
Rule 68 offer of judgment."  *O'Brien* v. *Ed Donnelly Enters., Inc.*, 575
F. 3d 567, 575 (CA6 2009); see also *McCauley* v. *Trans Union, LLC*, 402
F. 3d 340, 342 (CA2 2005).  Contrary to the dissent's assertion, see *post*,
at 8 (opinion of Kagan, J.), nothing in the nature of FLSA actions
precludes satisfaction—and thus the mooting—of the individual's claim
before the collective-action component of the suit has run its course.

Case 1:12-cv-00587-DLI-VVP   Document 78   Filed 04/17/13   Page 11 of 25 PageID #: 1983

## A

Respondent contends that she has a sufficient personal stake in this case based on a statutorily created collective-action interest in representing other similarly situated employees under §216(b).  Brief for Respondent 47–48.  In support of her argument, respondent cites our decision in *Geraghty*, which in turn has its roots in *Sosna*.  Neither case supports her position.

In *Sosna*, the Court held that a class action is not rendered moot when the named plaintiff's individual claim becomes moot *after* the class has been duly certified.  419 U. S., at 399.  The Court reasoned that when a district court certifies a class, "the class of unnamed persons described in the certification acquire[s] a legal status separate from the interest asserted by [the named plaintiff]," with the result that a live controversy may continue to exist, even after the claim of the named plaintiff becomes moot.  *Id.*, at 399–402.  *Geraghty* narrowly extended this principle to *denials* of class certification motions.  The Court held that where an action would have acquired the independent legal status described in *Sosna* but for the district court's erroneous denial of class certification, a corrected ruling on appeal "relates back" to the time of the erroneous denial of the certification motion.  445 U. S., at 404, and n. 11.

*Geraghty* is inapposite, because the Court explicitly limited its holding to cases in which the named plaintiff's claim remains live at the time the district court denies class certification.  See *id.,* at 407, n. 11.  Here, respondent had not yet moved for "conditional certification" when her claim became moot, nor had the District Court anticipatorily ruled on any such request.  Her claim instead became moot prior to these events, foreclosing any recourse to *Geraghty*.  There is simply no certification decision to which respondent's claim could have related back.

More fundamentally, essential to our decisions in *Sosna*

and *Geraghty* was the fact that a putative class acquires an independent legal status once it is certified under Rule 23. Under the FLSA, by contrast, "conditional certification" does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, see *Hoffmann-La Roche Inc.*, *supra*, at 171–172, who in turn become parties to a collective action only by filing written consent with the court, §216(b). So even if respondent were to secure a conditional certification ruling on remand, nothing in that ruling would preserve her suit from mootness.

### B

Respondent also advances an argument based on a separate, but related, line of cases in which the Court held that an "inherently transitory" class-action claim is not necessarily moot upon the termination of the named plaintiff's claim. Like our decision in *Geraghty*, this line of cases began with *Sosna* and is similarly inapplicable here.

After concluding that the expiration of a named plaintiff's claim following certification does not moot the class action, *Sosna* suggested that, where a named plaintiff's individual claim becomes moot before the district court has an opportunity to rule on the certification motion, and the issue would otherwise evade review, the certification might "relate back" to the filing of the complaint. 419 U. S., at 402, n. 11. The Court has since held that the relation-back doctrine may apply in Rule 23 cases where it is "certain that other persons similarly situated" will continue to be subject to the challenged conduct and the claims raised are "'so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires.'" *County of Riverside* v.

*McLaughlin*, 500 U. S. 44, 52 (1991) (quoting *Geraghty*, *supra*, at 399), in turn citing *Gerstein* v. *Pugh*, 420 U. S. 103, 110, n. 11 (1975)). Invoking this doctrine, respondent argues that defendants can strategically use Rule 68 offers to "pick off" named plaintiffs before the collective-action process is complete, rendering collective actions "inherently transitory" in effect. Brief for Respondent 37.

Our cases invoking the "inherently transitory" relation-back rationale do not apply. The "inherently transitory" rationale was developed to address circumstances in which the challenged conduct was effectively unreviewable, because no plaintiff possessed a personal stake in the suit long enough for litigation to run its course. A plaintiff might seek, for instance, to bring a class action challenging the constitutionality of temporary pretrial detentions. In doing so, the named plaintiff would face the considerable challenge of preserving his individual claim from mootness, since pretrial custody likely would end prior to the resolution of his claim. See *Gerstein, supra*. To address this problem, the Court explained that in cases where the transitory nature of the conduct giving rise to the suit would effectively insulate defendants' conduct from review, certification could potentially "relate back" to the filing of the complaint. *Id.*, at 110, n. 11; *McLaughlin*, *supra*, at 52. But this doctrine has invariably focused on the fleeting nature of the challenged conduct giving rise to the claim, not on the defendant's litigation strategy. See, *e.g., Swisher* v. *Brady*, 438 U. S. 204, 214, n. 11 (1978); *Spencer* v. *Kemna*, 523 U. S. 1, 17–18 (1998).

In this case, respondent's complaint requested statutory damages. Unlike claims for injunctive relief challenging ongoing conduct, a claim for damages cannot evade review; it remains live until it is settled, judicially resolved, or barred by a statute of limitations. Nor can a defendant's attempt to obtain settlement insulate such a claim from review, for a full settlement offer addresses plaintiff's

alleged harm by making the plaintiff whole. While set-
tlement may have the collateral effect of foreclosing un-
joined claimants from having their rights vindicated in
*respondent's* suit, such putative plaintiffs remain free to
vindicate their rights in their own suits. They are no less
able to have their claims settled or adjudicated following
respondent's suit than if her suit had never been filed at
all.

C

Finally, respondent argues that the purposes served
by the FLSA's collective-action provisions—for example,
efficient resolution of common claims and lower individual
costs associated with litigation—would be frustrated by
defendants' use of Rule 68 to "pick off" named plaintiffs
before the collective-action process has run its course.
Both respondent and the Court of Appeals purported to
find support for this position in our decision in *Roper*, 445
U. S., at 339.

In *Roper*, the named plaintiffs' individual claims became
moot after the District Court denied their motion for class
certification under Rule 23 and subsequently entered
judgment in their favor, based on the defendant bank's
offer of judgment for the maximum recoverable amount of
damages, in addition to interest and court costs. *Id.*, at
329–330. The Court held that even though the District
Court had entered judgment in the named plaintiffs' favor,
they could nevertheless appeal the denial of their motion
to certify the class. The Court found that, under the par-
ticular circumstances of that case, the named plaintiffs
possessed an ongoing, personal economic stake in the
substantive controversy—namely, to shift a portion of
attorney's fees and expenses to successful class litigants.[5]

——————

[5] Because *Roper* is distinguishable on the facts, we need not consider
its continuing validity in light of our subsequent decision in *Lewis* v.

*Id.,* at 332–334, and n. 6.  Only then, in dicta, did the Court underscore the importance of a district court's class certification decision and observe that allowing defendants to "'pic[k] off'" party plaintiffs before an affirmative ruling was achieved "would frustrate the objectives of class actions." *Id.*, at 339.

*Roper*'s holding turned on a specific factual finding that the plaintiffs' possessed a continuing personal economic stake in the litigation, even after the defendants' offer of judgment.  *Id.,* at 336.  As already explained, here, respondent conceded that petitioners' offer "provided complete relief on her individual claims," Brief in Opposition i, and she failed to assert any continuing economic interest in shifting attorney's fees and costs to others.  Moreover, *Roper*'s dictum was tethered to the unique significance of certification decisions in class-action proceedings.  445 U. S., at 339.  Whatever significance "conditional certification" may have in §216(b) proceedings, it is not tantamount to class certification under Rule 23.

\*      \*      \*

The Court of Appeals concluded that respondent's individual claim became moot following petitioners' Rule 68 offer of judgment.  We have assumed, without deciding, that this is correct.

Reaching the question on which we granted certiorari, we conclude that respondent has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness.  Respondent's suit was, therefore, appropriately dismissed for lack of subject-matter jurisdiction.

—————

*Continental Bank Corp.,* 494 U. S. 472 (1990).  See *id.,* at 480 ("[An] interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim").

12          GENESIS HEALTHCARE CORP. *v.* SYMCZYK

The judgment of the Court of Appeals for the Third Circuit is reversed.

*It is so ordered.*

KAGAN, J., dissenting

# SUPREME COURT OF THE UNITED STATES

_____

No. 11–1059

_____

GENESIS HEALTHCARE CORPORATION, ET AL., PETITIONERS *v.* LAURA SYMCZYK

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

[April 16, 2013]

JUSTICE KAGAN, with whom JUSTICE GINSBURG, JUSTICE BREYER, and JUSTICE SOTOMAYOR join, dissenting.

The Court today resolves an imaginary question, based on a mistake the courts below made about this case and others like it. The issue here, the majority tells us, is whether a "'collective action'" brought under the Fair Labor Standards Act of 1938 (FLSA), 29 U. S. C. §201 *et seq.*, "is justiciable when the lone plaintiff's individual claim becomes moot." *Ante*, at 1. Embedded within that question is a crucial premise: that the individual claim *has* become moot, as the lower courts held and the majority assumes without deciding. But what if that premise is bogus? What if the plaintiff's individual claim here never became moot? And what if, in addition, no similar claim for damages will ever become moot? In that event, the majority's decision—founded as it is on an unfounded assumption—would have no real-world meaning or application. The decision would turn out to be the most one-off of one-offs, explaining only what (the majority thinks) should happen to a proposed collective FLSA action when something that in fact never happens to an individual FLSA claim is errantly thought to have done so. That is the case here, for reasons I'll describe. Feel free to relegate the majority's decision to the furthest reaches of your

mind: The situation it addresses should never again arise.

Consider the facts of this case, keeping an eye out for anything that would render any part of it moot. Respondent Laura Symczyk brought suit under a provision of the FLSA, 29 U. S. C. §216(b), "on behalf of herself and others similarly situated." App. 21. Her complaint alleged that her former employer, petitioner Genesis Healthcare Corporation (Genesis), violated the FLSA by treating 30 minutes of every shift as an unpaid meal break, even when an employee worked during that time. Genesis answered the complaint and simultaneously made an offer of judgment under Federal Rule of Civil Procedure 68. That settlement proposal covered only Symczyk's individual claim, to the tune of $7,500 in lost wages. The offer, according to its terms, would "be deemed withdrawn" if Symczyk did not accept it within 10 days. App. 79. That deadline came and went without any reply. The case then proceeded in the normal fashion, with the District Court setting a schedule for discovery. Pause here for a moment to ask whether you've seen anything yet that would moot Symczyk's individual claim. No? Neither have I.

Nevertheless, Genesis moved to dismiss Symczyk's suit on the ground that it was moot. The supposed logic went like this: We (*i.e.*, Genesis) offered Symczyk complete relief on her individual damages claim; she "effectively reject[ed] the [o]ffer" by failing to respond; because she did so, she "no longer has a personal stake or legally cognizable interest in the outcome of this action"; accordingly, the court "should dismiss her claims." *Id.*, at 67. Relying on Circuit precedent, the District Court agreed; it dismissed the case for lack of jurisdiction—without awarding Symczyk any damages or other relief—based solely on the unaccepted offer Genesis had made. See App. to Pet. for Cert. 35 (citing *Weiss* v. *Regal Collections*, 385 F. 3d 337, 340 (CA3 2004)). And finally, the Court of Appeals for the Third Circuit concurred that Genesis's offer mooted Symczyk's

KAGAN, J., dissenting

individual claim (though also holding that she could still proceed with a collective action). See 656 F. 3d 189 (2011).

That thrice-asserted view is wrong, wrong, and wrong again. We made clear earlier this Term that "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin* v. *Chafin*, 568 U. S. ___, ___ (2012) (slip op., at 6) (internal quotation marks omitted). "[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Ibid.* (internal quotation marks omitted). By those measures, an unaccepted offer of judgment cannot moot a case. When a plaintiff rejects such an offer—however good the terms—her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect. As every first-year law student learns, the recipient's rejection of an offer "leaves the matter as if no offer had ever been made." *Minneapolis & St. Louis R. Co.* v. *Columbus Rolling Mill*, 119 U. S. 149, 151 (1886). Nothing in Rule 68 alters that basic principle; to the contrary, that rule specifies that "[a]n unaccepted offer is considered withdrawn." Fed. Rule Civ. Proc. 68(b). So assuming the case was live before—because the plaintiff had a stake and the court could grant relief—the litigation carries on, unmooted.

For this reason, Symczyk's individual claim was alive and well when the District Court dismissed her suit. Recall: Genesis made a settlement offer under Rule 68; Symczyk decided not to accept it; after 10 days, it expired and the suit went forward. Symczyk's individual stake in the lawsuit thus remained what it had always been, and ditto the court's capacity to grant her relief. After the offer lapsed, just as before, Symczyk possessed an unsatisfied claim, which the court could redress by awarding her

damages. As long as that remained true, Symczyk's claim
was not moot, and the District Court could not send her
away empty-handed. So a friendly suggestion to the Third
Circuit: Rethink your mootness-by-unaccepted-offer theo-
ry. And a note to all other courts of appeals: Don't try this
at home.

To this point, what I have said conflicts with nothing in
the Court's opinion. The majority does not attempt to
argue, à la the Third Circuit, that the unaccepted settle-
ment offer mooted Symczyk's individual damages claim.
Instead, the majority hangs its hat on a finding of waiver.
See *ante*, at 5, 11. The majority notes—correctly—that
Symczyk accepted the Third Circuit's rule in her briefs
below, and also failed to challenge it in her brief in opposi-
tion to the petition for certiorari; she contested it first in
her merits brief before this Court. That enables the ma-
jority to "assume, without deciding," the mootness of
Symczyk's individual claim and reach the oh-so-much-
more-interesting question relating to her proposed collec-
tive action. *Ante*, at 5.[1]

————————
[1] The majority also justifies this approach on the ground that
Symczyk did not file a cross-petition for certiorari objecting to the Third
Circuit's decision. But that is because Symczyk got the judgment she
wanted in the Third Circuit. As the majority agrees, a cross-petition is
necessary only when a respondent seeks to "alter" the judgment below.
*Ante*, at 5; see E. Gressman, K. Geller, S. Shapiro, T. Bishop, & E.
Hartnett, Supreme Court Practice 490 (9th ed. 2007) ("[A] party satis-
fied with the action of a lower court should not have to appeal from it in
order to defend a judgment in his or her favor on any ground"). Here,
the Third Circuit reversed the District Court's dismissal of Sym-
czyk's FLSA suit, ruling that her collective action could go forward
even though her individual claim was moot; accordingly, accepting
Symczyk's new argument would lead not to modifying the appellate
judgment, but to affirming it on a different ground. In any event, we
have never held that the cross-petition requirement is jurisdictional.
See *id.*, at 493–494. We can choose to excuse the absence of a cross-
petition for the same reasons, discussed next, that we can consider an
issue not raised below. See *Vance* v. *Terrazas*, 444 U. S. 252, 258–259,
n. 5 (1980).

Kagan, J., dissenting

But as this Court noted in a similar case, "assum[ing] what the facts will show to be ridiculous" about a predicate question—just because a party did not think to challenge settled Circuit precedent—runs "a risk that ought to be avoided." *Lebron* v. *National Railroad Passenger Corporation*, 513 U. S. 374, 382 (1995). The question Symczyk now raises ("Did an unaccepted settlement offer moot my individual FLSA claim?") is logically prior to— and thus inextricably intertwined with—the question the majority rushes to resolve ("If an unaccepted settlement offer mooted Symczyk's individual FLSA claim, could a court proceed to consider her proposed collective action?"). Indeed, the former is so much part and parcel of the latter that the question Genesis presented for our review— and on which we granted certiorari—actually looks more like Symczyk's than like the majority's. Genesis asked: "Whether a case becomes moot . . . when the lone plaintiff receives an offer from the defendants to satisfy all of the plaintiff's claims." Pet. for Cert. i. Symczyk, of course, would respond "no," because merely receiving an offer does not moot any claim. The majority's refusal to consider that obviously correct answer impedes "intelligent resolution of the question presented." *Ohio* v. *Robinette*, 519 U. S. 33, 38 (1996) (internal quotation marks omitted). By taking a fallacy as its premise, the majority ensures it will reach the wrong decision.

Still, you might think, the majority's approach has at least this benefit: In a future FLSA case, when an individual claim for damages in fact becomes moot, a court will know what to do with the collective allegations. But no, even that much cannot be said for the majority's opinion. That is because the individual claims in such cases will *never* become moot, and a court will therefore never need to reach the issue the majority resolves. The majority's decision is fit for nothing: Aside from getting this case wrong, it serves only to address a make-believe problem.

Kagan, J., dissenting

To see why, consider how a collective FLSA action seeking damages unfolds. A plaintiff (just like Symczyk, but let us now call her Smith, to highlight her typicality) sues under §216(b) on behalf of both herself and others. To determine whether Smith can serve as a representative party, the court considers whether the workplace policy her suit challenges has similarly affected other employees. If it has, the court supervises their discovery and notification, and then "oversee[s] the joinder" of any who want Smith to represent them. *Hoffman La-Roche Inc.* v. *Sperling*, 493 U. S. 165, 171 (1989). During that period, as the majority observes, the class has no "independent legal status." *Ante*, at 7. At the same time, Smith's own claim is in perfect health. Because it is a damages claim for past conduct, the employer cannot extinguish it by adopting new employment practices. Indeed, the claim would survive even Smith's own demise, belonging then to her estate. Smith's individual claim, in short, is not going away on its own; it can easily wait out the time involved in assembling a collective action. Accord, *ante,* at 9 ("[A] claim for damages cannot evade review; it remains live until it is settled [or] judicially resolved").

Now introduce a settlement offer into the picture: Assume that before the court finally decides whether to permit a collective action, the defendant proposes to pay Smith the value of her individual claim in exchange for her abandonment of the entire litigation. If Smith agrees, of course, all is over; like any plaintiff, she can assent to a settlement ending her suit. But assuming Smith does not agree, because she wishes to proceed on behalf of other employees, could the offer ever succeed in mooting her case? I have already shown that it cannot do so in the circumstances here, where the defendant makes an offer, the plaintiff declines it, and nothing else occurs: On those facts, Smith's claim is as it ever was, and the lawsuit continues onward. But suppose the defendant addition-

ally requests that the court enter judgment in Smith's
favor—though over her objection—for the amount offered
to satisfy her individual claim. Could a court approve that
motion and then declare the case over on the ground that
Smith has no further stake in it? That course would be
less preposterous than what the court did here; at least
Smith, unlike Symczyk, would get some money. But it
would be impermissible as well.

For starters, Rule 68 precludes a court from imposing
judgment for a plaintiff like Smith based on an unaccepted
settlement offer made pursuant to its terms. The text of
the Rule contemplates that a court will enter judgment
only when a plaintiff accepts an offer. See Rule 68(a) ("If
. . . the [plaintiff] serves written notice accepting the of-
fer, either party may then file the offer and notice of ac-
ceptance, plus proof of service. The clerk must then enter
judgment"). And the Rule prohibits a court from consider-
ing an unaccepted offer for any purpose other than allocat-
ing litigation costs—including for the purpose of entering
judgment for either party. See Rule 68(b) ("Evidence of an
unaccepted offer is not admissible except in a proceeding
to determine costs"). That injunction accords with Rule
68's exclusive purpose: to promote voluntary cessation of
litigation by imposing costs on plaintiffs who spurn certain
settlement offers. See *Marek* v. *Chesny*, 473 U. S. 1, 5
(1985). The Rule provides no appropriate mechanism for
a court to terminate a lawsuit without the plaintiff's
consent.

Nor does a court have inherent authority to enter an
unwanted judgment for Smith on her individual claim, in
service of wiping out her proposed collective action. To be
sure, a court has discretion to halt a lawsuit by entering
judgment for the plaintiff when the defendant uncondi-
tionally surrenders and only the plaintiff's obstinacy or
madness prevents her from accepting total victory. But
the court may not take that tack when the supposed ca-

pitulation in fact fails to give the plaintiff all the law
authorizes and she has sought. And a judgment satisfying
an individual claim does not give a plaintiff like Smith,
exercising her right to sue on behalf of other employees,
"all that [she] has . . . requested in the complaint (*i.e.*,
relief for the class)." *Deposit Guaranty Nat. Bank* v. *Roper*,
445 U. S. 326, 341 (1980) (Rehnquist, J., concurring).
No more in a collective action brought under the FLSA
than in any other class action may a court, prior to certifi-
cation, eliminate the entire suit by acceding to a defend-
ant's proposal to make only the named plaintiff whole.
That course would short-circuit a collective action before it
could begin, and thereby frustrate Congress's decision to give
FLSA plaintiffs "the opportunity to proceed collectively."
*Hoffman La-Roche*, 493 U. S., at 170; see *Roper,* 445
U. S., at 339. It is our plaintiff Smith's choice, and not the
defendant's or the court's, whether satisfaction of her
individual claim, without redress of her viable classwide
allegations, is sufficient to bring the lawsuit to an end.

And so, the question the majority answers should never
arise—which means the analysis the majority propounds
should never apply.[2] The majority assumes that an indi-
vidual claim has become moot, and then asks whether
collective allegations can still proceed by virtue of the
relation-back doctrine. But that doctrine comes into play
only when a court confronts a jurisdictional gap—an indi-
vidual claim becoming moot before the court can certify a
representative action. And in an FLSA case for damages,
that gap cannot occur (unless a court, as here, mistakenly
creates it): As I have explained, the plaintiff's individual
claim remains live all the way through the court's decision

_____

[2] For similarly questionable deployment of this Court's adjudicatory
authority, see *Comcast Corp.* v. *Behrend*, 569 U. S. ___, ___ (2013) (joint
opinion of GINSBURG and BREYER, JJ.) (observing in dissent that "[t]he
Court's ruling is good for this day and case only").

Case 1:12-cv-00587-DLI-VVP   Document 78   Filed 04/17/13   Page 25 of 25 PageID #: 1997

whether to join new plaintiffs to the litigation. Without any gap to span, the relation-back doctrine has no relevance. Neither, then, does the majority's decision.[3]

The Court could have resolved this case (along with a Circuit split, see *ante*, at 5, and n. 3) by correcting the Third Circuit's view that an unaccepted settlement offer mooted Symczyk's individual claim. Instead, the Court chose to address an issue predicated on that misconception, in a way that aids no one, now or ever. I respectfully dissent.

_____

[3] And that is a good thing, because (just as a by-the-by) the majority's opinion also misconceives our decisions applying the relation-back doctrine. The majority painstakingly distinguishes those decisions on their individual facts, but misses their common take-away. In each, we confronted a situation where a would-be class representative's individual claim became moot before a court could make a final decision about the propriety of class litigation; and in each, we used relation-back principles to preserve the court's ability to adjudicate on the merits the classwide questions the representative raised. See, *e.g., County of Riverside* v. *McLaughlin,* 500 U. S. 44, 51–52 (1991); *Swisher* v. *Brady,* 438 U. S. 204, 213–214, n. 11 (1978); *Gerstein* v. *Pugh,* 420 U. S. 103, 110–111, n. 11 (1975); see also *United States Parole Comm'n* v. *Geraghty,* 445 U. S. 388, 399, 404, n. 11 (1980); *Sosna* v. *Iowa,* 419 U. S. 393, 402, n. 11 (1975). If, counter-factually, Symczyk's individual claim became moot when she failed to accept Genesis's offer of judgment, her case would fit comfortably alongside those precedents. Because the District Court would not then have had "enough time to rule on a motion" for certification under §216(b), "the 'relation back' doctrine [would be] properly invoked to preserve the merits of the case for judicial resolution." *McLaughlin*, 500 U. S., at 52 (internal quotation marks omitted).